# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TRANSITO TRUJILLO,

       Plaintiff,

vs.  No. CIV 02-1146 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS;
JOSEPH VIGIL and SUSIE PECK, Albuquerque
Public Schools Superintendents individually and
in their official capacities; ANTHONY GRIEGO,
Principal, Valley High School, individually and in
his official capacity; BRUCE SMITH, Valley High
School Assistant Principal, individually and in his
official capacity; RONALD WILLIAMS, Director
of Certified Staffing, Albuquerque Public Schools,
individually and in his official capacity; and MARK
MAYERSTEIN, Valley High School employee,
individually and in his official capacity,

       Defendants.

       and

TRANSITO TRUJILLO,

       Plaintiff,

vs.  No. CIV 03-1185 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS;
MARK MAYERSTEIN, Senior ROTC
Instructor, and ANTHONY GRIEGO,
Valley High School Principal, in their
official and Individual capacities,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Pro Se Plaintiff's Rule 60(b) Motion and Brief for Reconsideration, filed March 29, 2004 (Doc. 120). The primary issue is whether the Court should exercise its discretion and reconsider its oral ruling on January 9, 2004, and, if so, whether it should alter its oral ruling. Because Plaintiff Transito Trujillo filed this motion prematurely, and has since filed four additional motions for reconsideration on the same ruling, the Court will deny Trujillo's motion.

## PROCEDURAL BACKGROUND

On January 9, 2004, the Court held a hearing a the following motions: (i) Defendants Joseph Vigil, Susie Peck, Anthony Griego, Bruce Smith, and Ronald Williams' Motion for Summary Judgment, filed August 11, 2003 (Doc. 41); (ii) Defendants Albuquerque Public Schools ("APS"), Joseph Vigil, Susie Peck, Anthony Griego, Bruce Smith, and Ronald Williams' Motion for Summary Judgment, filed on October 9, 2003 (Docs. 67); (iii) Plaintiff's Motion for Partial Summary Judgment of Title VII Retaliation Claim Against Defendant Albuquerque Public Schools (Count II), filed October 10, 2003 (Docs. 69); (iv) Plaintiff Transito Trujillo's Motion for Summary Judgment as to Plaintiff's § 1983 Claim Against Defendant Mayerstein, filed October 10, 2003 (Doc. 71); and (v) Defendant Mark Mayerstein's Motion for Summary Judgment, filed October 10, 2003 (Doc. 74).[1] At the hearing, the Court issued oral rulings from the bench on these motions. See Transcript of Hearing at 127:2 - 133:1; id. at 173:2 - 182:5.

---

[1] The Court also heard Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to Join a Necessary and Indispensable Party, filed July 30, 2003 (Doc. 32) and Plaintiff's Motion to Accept Response to Motion to Dismiss as Timely, filed September 26, 2003 (Doc. 65). These motions, however, do not appear to be at issue in Trujillo's motion for reconsideration.

On January 14, 2004, the Court entered Orders denying Trujillo's motions for summary judgment. See Order, filed January 14, 2004 (Doc. 107)(denying Plaintiff Transito Trujillo's Motion for Summary Judgment as to Plaintiff's § 1983 Claim Against Defendant Mayerstein); Order, filed January 14, 2004 (Doc. 108)(denying Plaintiff's Motion for Partial Summary Judgment of Title VII Retaliation Claim Against Defendant Albuquerque Public Schools (Count II)). On January 27, 2004, Trujillo entered an appearance to proceed *pro se*. See Entry of Appearance (Doc. 109). Montoya filed an unopposed motion to withdraw on February 3, 2004, see Doc. 110, which the Court granted, see Order, filed February 4, 2004 (Doc. 111).

On March 29, 2004, Trujillo filed a *pro se* Rule 60(b) Motion and Brief for Reconsideration on the Court's oral rulings at the January 9, 2004, hearing. See Doc. 120. On April 12, 2004, the Defendants filed a joint response opposing Trujillo's motion to reconsider. See Doc. 123. Trujillo filed a reply on April 22, 2004. See Doc. 124.[2]

The Court entered an Memorandum Opinion and Order on September 17, 2004, granting Defendants Joseph Vigil, Susie Peck, Anthony Griego, Bruce Smith, and Ronald Williams' Motion for Summary Judgment (Doc. 41). See Doc. 125. On September 22, 2004, Trujillo filed a Pro Se Rule 59(e) Motion to Alter or Amend the Judgment And Order, seeking the Court to amend its Memorandum Opinion and Order filed on September 17, 2004. See Doc. 126. Defendants APS, Vigil, Peck, Griego, Smith and Williams filed a response on September 30, 2004, opposing Trujillo's motion. See Response to Pro Se Plaintiff's Rule 59(e) Motion to Alter or Amend (Doc. 127). On

---

[2] In his Reply, Trujillo alleges that Mayerstein did not properly join in the Response because Mayerstein only provided telephonic approval for -- as opposed to the signing of -- the motion. See Plaintiff's Reply to Defendants Response to Rule 60(b) Motion for Reconsideration, filed April 12, 2004, and Notice of Completion of Briefing (Doc. 124). Because of the way that the Court disposes of this motion, the Court need not decide this issue.

October 13, 2004, Trujillo filed a reply. See Doc. 128.

On March 30, 2005, the Court entered a Memorandum Opinion and Order granting Defendant Mark Mayerstein's Motion for Summary Judgment. See Doc. 130. In that Memorandum Opinion and Order, the Court also explained its reasoning for its decision reflected in the Order denying Trujillo's Motion for Summary Judgment as to Plaintiff's § 1983 Claim Against Defendant Mayerstein, and in the Court's oral ruling on Trujillo's motion. See id. On April 4, 2005, Trujillo filed a Plaintiff's Rule 59(e) Motion To Alter Or Amend the Judgments and Order, Entered on March 30, 2005. See Doc. 133. Defendant Mark Mayerstein filed a response on April 27, 2005. See Defendant Mark Mayerstein's Response to *Pro Se* Plaintiff's Rule 59(e) Motion to Alter or Amend the Judgments and Order, Entered March 30, 2005 (Doc. 145).

On April 8, 2005, the Court filed a Memorandum Opinion and Order granting Defendants Albuquerque Public Schools ("APS"), Joseph Vigil, Susie Peck, Anthony Griego, Bruce Smith, and Ronald Williams' Motion for Summary Judgment (Doc. 67). See Doc. 134. In that Memorandum Opinion and Order, the Court also explained its reasoning for its decision reflected in the Order denying Trujillo's Motion for Partial Summary Judgment of Title VII Retaliation Claim Against Defendant Albuquerque Public Schools (Count II). On April 13, 2005, Trujillo filed the Plaintiff's Rule 59(e) Motion To Alter Or Amend the Judgments And Order, Entered on March [sic] April 8, 2005, and Previous Orders. See Doc. 136. Defendants APS, Vigil, Peck, Griego, Smith and Williams filed a response opposing Trujillo's motion. See Response to Pro Se Plaintiff's Rule 59(e) Motion to Alter or Amend, filed April 26, 2005 (Doc. 144). Mayerstein filed a separate response on April 27, 2005. See Doc. 145. Trujillo filed replies to the responses on April 11, 2005. See Docs. 153 & 154.

On May 2, 2005, Trujillo filed another motion to reconsider. See Doc. 148. APS responded on May 10, 2005 (Doc. 152), to which Trujillo filed a reply on May 11, 2005 (Doc. 156). Mayerstein filed a response on May 17, 2005. See Doc. 157.

**STANDARDS FOR DECIDING A MOTION TO RECONSIDER**

The Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration. See Computerized Thermal Imaging, Inc. v. Bloomfield, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). If the court has entered a final order or judgment, then a motion for reconsideration is considered a motion to alter or amend the judgment under rule 59(e) if it is filed within ten days after the entry of judgment. See id. at 1296. If the motion for reconsideration is filed more than ten days after the entry of final judgment, it is considered a motion for relief from judgment under rule 60(b). See id.

Rule 59(e) and 60(b), however, apply only to final judgments. See Raytheon Constructors Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003); Bass v. Richards, 308 F.3d 1081, 1086 (10th Cir. 2002); Anderson v. Deere & Co., 852 F.2d 1244, 1246 (10th Cir. 1988). "Finality is judged by the standards applicable to determining [appellate] jurisdiction under 28 U.S.C. § 1291." Wheeler Mach. Co. v. Mountain States Mineral Ent., Inc., 696 F.2d 787, 789 (10th Cir. 1993)(per curiam). See 28 U.S.C. § 1291 (2004)(providing that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . except where a direct review may be had in the Supreme Court").

The Court may alter or amend an interlocutory order at any time before the filing of the final judgment. See Raytheon Constructors Inc. v. Asarco Inc., 368 F.3d at 1217. This approach is in accord with other Judges' opinions from this District. See Hunt v. Green, No. CIV 03-585, at 9

(D.N.M. March 30, 2005)(Browning, J.); Shannon v. United States, No. CIV 02-717, at 3-4 (D.N.M. August 11, 2004)(Black, J.)(holding prior order was interlocutory and subject to change at any time because all claims not yet litigated); Organ Water & Sewer Assoc. v. Moongate Water Co., No. CIV 01-883, at 2 (D.N.M. May 25, 2004)(Brack, J.)(holding that a denial of a motion for partial summary judgment is interlocutory and subject to revision at discretion of the Court); Ambrose v. White, Civ. No. 01-1263, at 3 (D.N.M. November 13, 2002)(Parker, J.)(stating that the Court "may use its plenary power to review interlocutory orders if justice so requires"); Castillo v. City of Albuquerque, CIV 01-369, at 2 (D.N.M. July 11, 2002)(Johnson, J.)(finding that Rule 59(e) and Rule 60(b) does not apply to a denial of summary judgment, and, after considering the motion on the merits, declining to reconsider the court's earlier ruling); Clawson v. S.W. Cardiology Assoc., P.A., No. CIV 99-379, at 3-4 (D.N.M. June 21, 2000)(Vasquez, J.)(finding that "[d]istrict courts have a general discretionary authority to reconsider a[n] interlocutory decision"); Miller v. County of Santa Fe, Civ. No. 97-309, at 2-3 (D.N.M. August 27, 1998)(Hansen, J.)(declining to exercise the court's "independent discretion to change what it is in effect an interlocutory order"). But see Britton v. Long Term Disability Ins. Plan of the Lovelace Institutes, No. CIV 99-768, at 4 (D.N.M. September 5, 2001)(Vasquez, J.)(construing a motion to reconsider a denial of summary judgment as a motion for relief from judgment under Rule 60(b)).

## ANALYSIS

As reflected in the lengthy procedural history, Trujillo has filed five motions for reconsideration. See Pro Se Plaintiff's Rule 60(b) Motion and Brief for Reconsideration, filed March 29, 2004 (Doc. 120); Pro Se Rule 59(e) Motion to Alter or Amend the Judgment And Order (Doc. 126); Plaintiff's Rule 59(e) Motion to Alter Or Amend the Judgments And Order, Entered on March

30, 2005 (Doc. 133); Plaintiff's Rule 59(e) Motion to Alter Or Amend the Judgments And Order, Entered on March [sic] April 8, 2005, and Previous Orders (Doc. 136); Pro Se Plaintiff's Motion and Memorandum For Reconsideration of the Court's Final Judgments Entered on 03/30/2005 & 04/11/2005, filed May 2, 2005 (Doc. 148). At the time Trujillo filed the March 29, 2004, motion to reconsider, however, the Court had made only its oral ruling at the January 9, 2004, hearing and entered two short Orders denying Trujillo's motions for summary judgment. The Court had not filed any Order or Memorandum Opinion and Order on any of the other Defendants' motions for summary judgment, on which the Court had granted summary judgment in its January 9, 2004, oral ruling. Moreover, the Court has not yet issued a Final Judgment in this case.

Trujillo has filed four additional motions to reconsider, on the heels of each Memorandum Opinion and Order filed by the Court. Each motion incorporates the earlier motions to reconsider, including the March 29, 2004, motion. The Court will consider the relevant arguments presented by Trujillo in the March 29, 2004, motion when it addresses Trujillo's subsequent motions to reconsider. The Court, therefore, declines to consider Trujillo's March 29, 2004, motion as premature.

The Court will address the additional motions to reconsider in due course in a separate Memorandum Opinion and Order.

**IT IS ORDERED** that Plaintiff Transito Trujillo's Pro Se Plaintiff's Rule 60(b) Motion and Brief for Reconsideration is denied.

_____
UNITED STATES DISTRICT JUDGE

Transito Trujillo
Albuquerque, New Mexico

    *Pro se Plaintiff*

Max J. Madrid
Alex C. Walker
Modrall, Sperling, Roehl, Harris & Sisk
Albuquerque, New Mexico

    *Attorneys for Defendants Board of Education,*
    *Albuquerque Public Schools; Joseph Vigil;*
    *Susie Peck; Anthony Griego; Bruce Smith;*
    *and Ronald Williams*

Richard L. Alvidrez
Sean Olivas
Keleher & McLeod
Albuquerque, New Mexico

    *Attorneys for Defendant Mark Mayerstein*