**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

TRANSITO TRUJILLO,

       Plaintiff,

vs.                                                                            No. CIV 02-1146 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,
JOSEPH VIGIL and SUSIE PECK, Albuquerque
Public Schools Superintendents individually and
in their official capacities; ANTHONY GRIEGO,
Principal, Valley High School, individually and in
his official capacity; BRUCE SMITH, Valley High
School Assistant Principal, individually and in his
official capacity; RONALD WILLIAMS, Director
of Certified Staffing, Albuquerque Public Schools,
individually and in his official capacity; and MARK
MAYERSTEIN, Valley High School employee,
individually and in his official capacity,

       Defendants.

       and

TRANSITO TRUJILLO,

       Plaintiff,

vs.                                                                            No. CIV 03-1185 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS;
MARK MAYERSTEIN, Senior ROTC
Instructor, and ANTHONY GRIEGO,
Valley High School Principal, in their
official and Individual capacities,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Transito Trujillo's Pro Se Rule 59(e) Motion To Alter Or Amend the Judgment And Order, filed September 22, 2004 (Doc. 126). The primary issue is whether the Court should reconsider its decision articulated in its memorandum opinion and order in which the Court granted summary judgment in favor of Defendants Joseph Vigil, Susie Peck, Anthony Griego, Bruce Smith, and Ronald William. See Memorandum Opinion and Order, filed September 17, 2004 (Doc. 125). The Court, in exercising its inherent authority to review non-final decisions, reviewed the original briefing, the Court's opinion, and the material contained in Trujillo's motion to reconsider. Because Trujillo has not presented new facts or legal arguments which cause the Court to think its original decision is in error, the Court will let stand Trujillo's motion and affirm its decision to grant summary judgment in favor of the individual Defendants named herein.

## PROCEDURAL BACKGROUND

On January 9, 2004, the Court held a hearing on Defendants Joseph Vigil, Susie Peck, Anthony Griego, Bruce Smith, and Ronald Williams' Motion for Summary Judgment, filed August 11, 2003 (Doc. 41). Trujillo filed, briefed, and argued this motion when an attorney, Dennis W. Montoya, represented him. On January 27, 2004, however, Trujillo entered an appearance to proceed *pro se*. See Entry of Appearance (Doc. 109). Montoya filed an unopposed motion to withdraw on February 3, 2004, see Doc. 110, which the Court granted, see Order, filed February 4, 2004 (Doc. 111).

The Court issued its opinion in this matter on September 17, 2004. See Doc. 130. On September 22, 2004, Trujillo filed a motion to reconsider the Court's decision contained in its

opinion -- one of five motions to reconsider filed by Trujillo.  See Pro Se Plaintiff's Rule 60(b)

Motion and Brief for Reconsideration, filed March 29, 2004 (Doc. 120); Pro Se Rule 59(e) Motion

to Alter Or Amend the Judgment And Order, filed September 22, 2004 (Doc. 126); Plaintiff's Rule

59(e) Motion to Alter Or Amend the Judgments And Order, Entered on March 30, 2005, filed April

4, 2005 (Doc. 133); Plaintiff's Rule 59(e) Motion to Alter Or Amend the Judgments And Order,

Entered on March [sic] April 8, 2005, and Previous Orders, filed April 13, 2005 (Doc. 136); Pro Se

Plaintiff's Motion For Reconsideration of the Court's Final Judgments Entered on 03/30/2005 &

04/11/2005, filed May 2, 2005 (Doc. 148).  In this motion to reconsider, Trujillo urges the Court to

amend its decision and hold that individual Defendants Vigil, Peck, Griego, Smith, and Williams

are not entitled to qualified immunity.

On May 19, 2005, Miguel P. Campos and Phillip Andrew Martinez entered an appearance

on behalf of Trujillo.    The Court has not yet entered a final judgment in this case (No. Civ. 02-1146),

or in the case with which the Court consolidated this matter (No. Civ 03-1185).

### STANDARDS FOR DECIDING A MOTION TO RECONSIDER

The Federal Rules of Civil Procedure do not expressly recognize a motion for

reconsideration. See Computerized Thermal Imaging, Inc. v. Bloomfield, L.P., 312 F.3d 1292, 1296

n.3 (10th Cir. 2002).  If the court has entered a final order or judgment, then a motion for

reconsideration is considered a motion to alter or amend the judgment under rule 59(e) if it is filed

within ten days after the entry of judgment. See id. at 1296.  If the motion for reconsideration is filed

more than ten days after the entry of final judgment, it is considered a motion for relief from

judgment under rule 60(b). See id.

Rule 59(e) and 60(b), however, apply only to final judgments. See Raytheon Constructors

Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003); Bass v. Richards, 308 F.3d 1081, 1086

(10th Cir. 2002); Anderson v. Deere & Co., 852 F.2d 1244, 1246 (10th Cir. 1988).  "Finality is

judged by the standards applicable to determining [appellate] jurisdiction under 28 U.S.C. § 1291."

Wheeler Mach. Co. v. Mountain States Mineral Ent., Inc., 696 F.2d 787, 789 (10th Cir. 1993)(per

curiam).  See 28 U.S.C. § 1291 (2004)(providing that "[t]he courts of appeals . . . shall have

jurisdiction of appeals from all final decisions of the district courts of the United States . . . except

where a direct review may be had in the Supreme Court").

The Court may alter or amend an interlocutory order at any time before the filing of the final

judgment.  See Raytheon Constructors Inc. v. Asarco Inc., 368 F.3d at 1217.  This approach is in

accord with other Judges' opinions from this District.  See Hunt v. Green, No. CIV 03-585, at 9

(D.N.M. March 30, 2005)(Browning, J.); Shannon v. United States, No. CIV 02-717, at 3-4 (D.N.M.

August 11, 2004)(Black, J.)(holding prior order was interlocutory and subject to change at any time

because all claims not yet litigated); Organ Water & Sewer Assoc. v. Moongate Water Co., No. CIV

01-883, at 2 (D.N.M. May 25, 2004)(Brack, J.)(holding that a denial of a motion for partial summary

judgment is interlocutory and subject to revision at discretion of the Court); Ambrose v. White, Civ.

No. 01-1263, at 3 (D.N.M. November 13, 2002)(Parker, J.)(stating that the Court "may use its

plenary power to review interlocutory orders if justice so requires"); Castillo v. City of Albuquerque,

CIV 01-369, at 2 (D.N.M. July 11, 2002)(Johnson, J.)(finding that Rule 59(e) and Rule 60(b) does

not apply to a denial of summary judgment, and, after considering the motion on the merits,

declining to reconsider the court's earlier ruling); Clawson v. S.W. Cardiology Assoc., P.A.,  No.

CIV 99-379, at 3-4 (D.N.M. June 21, 2000)(Vasquez, J.)(finding that "[d]istrict courts have a general

discretionary authority to reconsider a[n] interlocutory decision"); Miller v. County of Santa Fe, Civ.

-4-

No. 97-309, at 2-3 (D.N.M. August 27, 1998)(Hansen, J.)(declining to exercise the court's "independent discretion to change what it is in effect an interlocutory order").  But see Britton v. Long Term Disability Ins. Plan of the Lovelace Instits., No. CIV 99-768, at 4 (D.N.M. September 5, 2001)(Vasquez, J.)(construing a motion to reconsider a denial of summary judgment as a motion for relief from judgment under Rule 60(b)).

## ANALYSIS

The Court has not entered final judgment in this case; accordingly, it is in the Court's discretion whether to reconsider its earlier decision.  Because Trujillo discharged his counsel, at least in part, because he did not think his counsel was bringing material facts to the Court's attention, and because Trujillo is now proceeding *pro se*, the Court chooses to exercise its inherent authority to review its decision contained within its opinion and order.  After reviewing Trujillo's September 22, 2004, motion to reconsider, however, the Court will deny Trujillo's motion and let stand its decision to grant summary judgment in favor of the individual Defendants named herein.

In its original Memorandum Opinion and Order, the Court held that it would not consider the argument that Mayerstein violated his right to intimate association by spreading rumors that Trujillo's was having a sexual affair with a cadet's mother, because Mayerstein is not a party to this motion for summary judgment.  In his motion to reconsider, Trujillo avers that the individual Defendants to this motion for summary judgment "effectively condoned and ratified" Mayerstein's alleged violation of Trujillo's right to intimate association with his wife.  Even assuming the individual Defendants had knowledge of Mayerstein's actions, Trujillo does not offer any evidence demonstrating the individual Defendants' actions or participation in depriving him of his constitutional rights.  Cf. Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976)("Personal

participation is an essential allegation in a § 1983 claim"). Trujillo provides no support for the contention that merely failing to act is sufficient to establish § 1983 liability in this context. Accordingly, the Court will not disturb its original decision on the marital association claim.

The Court notes that, in his March 29, 2004, motion to reconsider, which Trujillo incorporates by reference in his September 22, 2004, motion to reconsider, Trujillo highlights to the Court that Griego and Defendant Mark Mayerstein met with Barbara Lynn, APS' equal opportunity director, and, according to Mayerstein's memorandum to which Trujillo cites, they "discussed the disposition of both Trujillo cases and agreed to help Barbara in any way we could."  Mayerstein Memorandum at 1 (dated April 8, 2002).  At most, this fact indicates that Griego knew of both Lourdes and Trujillo's EEOC charges. Knowledge of the protected activity, however, is present in many cases.  Knowledge does not, however, alone or in the context of the other facts and circumstances of the case, show a genuine issue of material fact that Griego acted in retaliation against Trujillo because Trujillo and/or his wife filed such charges.

Also, in his September 22, 2004, and March 29, 2004, motions to reconsider, Trujillo includes many facts that relate to his decertification and termination.  At the hearing on this summary judgment motion, however, Trujillo's counsel agreed that any claim for wrongful termination is not currently before the Court in these motions.  Instead, the decertification and termination is the subject of a separate, but consolidated case, No. Civ 03-1185. See Transcript of Hearing at 22:10-24 (taken January 9, 2004).  Thus, the Court has not considered these facts in its reconsideration of its original decision to grant summary judgment in favor of the individual Defendants named herein.

**IT IS ORDERED** that Plaintiff Transito Trujillo's Pro Se Rule 59(e) Motion To Alter Or Amend the Judgment And Order is denied, and the Court will let stand its decision to grant summary

judgment in favor of Defendants' Defendants Joseph Vigil, Susie Peck, Anthony Griego, Bruce

Smith, and Ronald Williams.

_____
UNITED STATES DISTRICT JUDGE

Transito Trujillo
Albuquerque, New Mexico

       *Pro Se Plaintiff*

Max J. Madrid
Alex C. Walker
Modrall, Sperling, Roehl, Harris & Sisk
Albuquerque, New Mexico

       *Attorneys for Defendants Board of Education,*
       *Albuquerque Public Schools; Joseph Vigil;*
       *Susie Peck; Anthony Griego; Bruce Smith;*
       *and Ronald Williams*

Sean Olivas
Richard L. Alvidrez
Keleher & McLeod
Albuquerque, New Mexico

       *Attorneys for Defendant Mark Mayerstein*