IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRANSITO TRUJILLO,

        Plaintiff,

vs.                                                                                               No. CIV 02-1146 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,
JOSEPH VIGIL and SUSIE PECK, Albuquerque
Public Schools Superintendents individually and
in their official capacities; ANTHONY GRIEGO,
Principal, Valley High School, individually and in
his official capacity; BRUCE SMITH, Valley High
School Assistant Principal, individually and in his
official capacity; RONALD WILLIAMS, Director
of Certified Staffing, Albuquerque Public Schools,
individually and in his official capacity; and MARK
MAYERSTEIN, Valley High School employee,
individually and in his official capacity,

        Defendants.

        and

TRANSITO TRUJILLO,

        Plaintiff,

vs.                                                                                    No. CIV 03-1185 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS;
MARK MAYERSTEIN, Senior ROTC
Instructor, and ANTHONY GRIEGO,
Valley High School Principal, in their
official and Individual capacities,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Transito Trujillo's Rule 59(e) Motion To Alter Or Amend the Judgments And Order, Entered on [] April 8, 2005, filed April 13, 2005 (Doc. 136). The primary issue is whether the Court should reconsider its decision articulated in its Memorandum Opinion and Order in which the Court granted summary judgment in Defendant APS's favor. See Memorandum Opinion and Order, filed April 8, 2005 (Doc. 134). The Court, exercising its inherent authority to review non-final decisions, reviewed the original briefing, the Court's opinion, and the material contained in Trujillo's motion to reconsider. Because Trujillo has not presented new facts or legal arguments that causes the Court to believe its original decision was in error, the Court will deny Trujillo's motion and stand by its decision to grant summary judgment in APS' favor.

## PROCEDURAL BACKGROUND

On January 9, 2004, the Court held a hearing on Defendants Joseph Vigil, Susie Peck, Anthony Griego, Bruce Smith, and Ronald Williams' Motion for Summary Judgment, filed August 11, 2003 (Doc. 41). Trujillo filed, briefed, and argued this motion when an attorney, Dennis W. Montoya, represented him. On January 27, 2004, however, Trujillo entered an appearance to proceed *pro se*. See Entry of Appearance (Doc. 109). Montoya filed an unopposed motion to withdraw on February 3, 2004, see Doc. 110, which the Court granted, see Order, filed February 4, 2004 (Doc. 111).

The Court issued its opinion in this matter on April 8, 2005. See Doc. 130. On April 13, 2005, Trujillo filed a motion to reconsider the Court's decision contained in its opinion -- one of five motions to reconsider that Trujillo has filed. See Pro Se Plaintiff's Rule 60(b) Motion and Brief for

Reconsideration, filed March 29, 2004 (Doc. 120); Pro Se Rule 59(e) Motion to Alter Or Amend the Judgment And Order, filed September 22, 2004 (Doc. 126); Plaintiff's Rule 59(e) Motion to Alter Or Amend the Judgments And Order, Entered on March 30, 2005, filed April 4, 2005 (Doc. 133); Plaintiff's Rule 59(e) Motion to Alter Or Amend the Judgments And Order, Entered on March [sic] April 8, 2005, and Previous Orders, filed April 13, 2005 (Doc. 136); Pro Se Plaintiff's Motion For Reconsideration of the Court's Final Judgments Entered on 03/30/2005 & 04/11/2005, filed May 2, 2005 (Doc. 148). In his April 13, 2005, motion to reconsider, Trujillo urges the Court to amend its decision and hold that APS is not entitled to summary judgment.

On May 19, 2005, Miguel P. Campos & Phillip Andrew Martinez entered an appearance on behalf of Trujillo. The Court has not yet entered a final judgment in this case (No. Civ. 02-1146), or in the case with which the Court consolidated this matter (No. Civ 03-1185).

## STANDARDS FOR DECIDING A MOTION TO RECONSIDER

The Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration. See Computerized Thermal Imaging, Inc. v. Bloomfield, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). If the court has entered a final order or judgment, then a motion for reconsideration is considered a motion to alter or amend the judgment under rule 59(e) if it is filed within ten days after the entry of judgment. See id. at 1296. If the motion for reconsideration is filed more than ten days after the entry of final judgment, it is considered a motion for relief from judgment under rule 60(b). See id.

Rule 59(e) and 60(b), however, apply only to final judgments. See Raytheon Constructors Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003); Bass v. Richards, 308 F.3d 1081, 1086 (10th Cir. 2002); Anderson v. Deere & Co., 852 F.2d 1244, 1246 (10th Cir. 1988). "Finality is

judged by the standards applicable to determining [appellate] jurisdiction under 28 U.S.C. § 1291." Wheeler Mach. Co. v. Mountain States Mineral Ent., Inc., 696 F.2d 787, 789 (10th Cir. 1993)(per curiam). See 28 U.S.C. § 1291 (2004)(providing that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . except where a direct review may be had in the Supreme Court").

The Court may alter or amend an interlocutory order at any time before the filing of the final judgment. See Raytheon Constructors Inc. v. Asarco Inc., 368 F.3d at 1217. This approach is in accord with other Judges' opinions from this District. See Hunt v. Green, No. CIV 03-585, at 9 (D.N.M. March 30, 2005)(Browning, J.); Shannon v. United States, No. CIV 02-717, at 3-4 (D.N.M. August 11, 2004)(Black, J.)(holding prior order was interlocutory and subject to change at any time because all claims not yet litigated); Organ Water & Sewer Assoc. v. Moongate Water Co., No. CIV 01-883, at 2 (D.N.M. May 25, 2004)(Brack, J.)(holding that a denial of a motion for partial summary judgment is interlocutory and subject to revision at discretion of the Court); Ambrose v. White, Civ. No. 01-1263, at 3 (D.N.M. November 13, 2002)(Parker, J.)(stating that the Court "may use its plenary power to review interlocutory orders if justice so requires"); Castillo v. City of Albuquerque, CIV 01-369, at 2 (D.N.M. July 11, 2002)(Johnson, J.)(finding that Rule 59(e) and Rule 60(b) does not apply to a denial of summary judgment, and, after considering the motion on the merits, declining to reconsider the court's earlier ruling); Clawson v. S.W. Cardiology Assoc., P.A., No. CIV 99-379, at 3-4 (D.N.M. June 21, 2000)(Vasquez, J.)(finding that "[d]istrict courts have a general discretionary authority to reconsider a[n] interlocutory decision"); Miller v. County of Santa Fe, Civ. No. 97-309, at 2-3 (D.N.M. August 27, 1998)(Hansen, J.)(declining to exercise the court's "independent discretion to change what it is in effect an interlocutory order"). But see Britton v. Long Term

Disability Ins. Plan of the Lovelace Instits., No. CIV 99-768, at 4 (D.N.M. September 5, 2001)(Vasquez, J.)(construing a motion to reconsider a denial of summary judgment as a motion for relief from judgment under Rule 60(b)).

### ANALYSIS

The Court has not entered final judgment in this case; accordingly, it is in the Court's discretion whether to reconsider its earlier decision. The Court chooses to exercise its inherent authority to review its decision contained within its Memorandum Opinion and Order. After reviewing Trujillo's April 13, 2005, motion to reconsider, the Court will deny Trujillo's motion and affirm its decision to grant summary judgment in favor of the individual Defendants named herein.

The Court notes that, in his April 13, 2005, motion to reconsider, Trujillo highlights to the Court that Defendants Anthony Griego and Mark Mayerstein met with Barbara Lynn, APS' equal opportunity director, and, according to Mayerstein's memorandum to which Trujillo cites, they "discussed the disposition of both Trujillo cases and agreed to help Barbara in any way we could." Mayerstein Memorandum at 1 (dated April 8, 2002). At most, this fact indicates that Griego and Mayerstein knew of both Lourdes and Trujillo's EEOC charges. That occurs in almost every case. Mere knowledge of protected activities does not, however, alone or in the context of the other facts in this case, show a genuine issue of material fact that APS acted in retaliation against Trujillo because he and his wife filed such charges.

**IT IS ORDERED** that Plaintiff Transito Trujillo's Rule 59(e) Motion To Alter Or Amend the Judgments And Order, Entered on [] April 8, 2005 is denied, and the Court affirms its decision to grant summary judgment in favor of APS.

_____
UNITED STATES DISTRICT JUDGE

Transito Trujillo
Albuquerque, New Mexico

    *Pro Se Plaintiff*

Max J. Madrid
Alex C. Walker
Modrall, Sperling, Roehl, Harris & Sisk
Albuquerque, New Mexico

    *Attorneys for Defendants Board of Education,*
    *Albuquerque Public Schools; Joseph Vigil;*
    *Susie Peck; Anthony Griego; Bruce Smith;*
    *and Ronald Williams*

Sean Olivas
Richard L. Alvidrez
Keleher & McLeod
Albuquerque, New Mexico

    *Attorneys for Defendant Mark Mayerstein*