# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TRANSITO TRUJILLO,

    Plaintiff,

vs.                                                                            No. CIV 02-1146 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,
JOSEPH VIGIL and SUSIE PECK, Albuquerque
Public Schools Superintendents individually and
in their official capacities; ANTHONY GRIEGO,
Principal, Valley High School, individually and in
his official capacity; BRUCE SMITH, Valley High
School Assistant Principal, individually and in his
official capacity; RONALD WILLIAMS, Director
of Certified Staffing, Albuquerque Public Schools,
individually and in his official capacity; and MARK
MAYERSTEIN, Valley High School employee,
individually and in his official capacity,
Defendants.

and

TRANSITO TRUJILLO,

    Plaintiff,

vs.                                                                     No. CIV 03-1185 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS;
MARK MAYERSTEIN, Senior ROTC
Instructor, and ANTHONY GRIEGO,
Valley High School Principal, in their
official and Individual capacities,
Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff Transito Trujillo's Opposed Motion for Leave to Amend Complaint 02cv1146, filed September 12, 2005 (Doc. 208). The primary issue is whether Trujillo should be granted leave to amend his Complaint to add a cause of action under 28 U.S.C. § 1983 for Defendant Mark Mayerstein's allegedly intentional interference "with the freedom of intimate marital association with Plaintiff's wife." Id. at 1. Because Trujillo previously raised a claim for interference with intimate familial relations under § 1983, the parties have already argued the issue, and the Court rejected it when the Court granted and affirmed summary judgment in favor of Mayerstein, and because amending the Complaint to re-insert that claim would unduly delay the proceedings and prejudice Mayerstein, the Court will deny the motion.

In his Complaint, Trujillo claimed that, in March 2002 Mayerstein authored a memorandum falsely accusing him of having had sex with an ROTC cadet's mother in the Valley High School armory. See Complaint for Discrimination, Retaliation, Defamation, for Violation of Civil Rights Under Color of State Law, and for Violation of Civil Rights under the Color of Federal Law Pursuant to the Doctrine of Bivens v. Six Unknown Agents, filed September 11, 2002, ¶ 37 at 14 (Doc. 1). He alleged defamation in Count III of his Complaint, see id. ¶¶ 81-84, at 26-27, and violation of § 1983 in Count IV of his Complaint, citing violation of his right to speak on issues of public concern without fear of retaliation and violation of other unnamed "other Constitutionally-protected rights." Id. ¶ 89 at 28. Mayerstein and Trujillo filed a stipulated notice of dismissal of Count III. See Stipulation of Dismissal of Counts III and VII, filed December 18, 2002 (Doc. 18).

Stating that his case "is greatly involved with the marital relationship between the Plaintiff and his wife," Trujillo first raised a claim for violation of his constitutional right to familial association

in October 2003. See Plaintiff's Response to Defendant Mayerstein's Motion for Summary Judgment on the Basis of Qualified Immunity at 7, filed October 27, 2003 (Doc. 80). He contended that "[a] defendant can be held liable for violating a right of intimate association if the plaintiff shows an intent to interfere with the relationship." Id. Mayerstein responded that Trujillo's intimate-or-familial-association claim failed because he had not raised it in the initial pretrial report and could not bring it in a response to a summary judgment motion, and because he had not plead "such a case with sufficient particularity." Reply in Support of Motion for Summary Judgment at 5, filed November 12, 2003 (Doc. 88). Trujillo did not move to amend his Complaint. The Court orally granted Mayerstein's summary judgment motion at a hearing on January 9, 2004. See Clerk's Minutes of January 9, 2004 Hearing at 1, filed January 10, 2004 (Doc. 104).

Trujillo thereafter fired his attorney and entered his appearance pro se. See Entry of Pro Se Appearance, filed January 27, 2004 (Doc. 109); Attorney Dennis W. Montoya's Unopposed Motion to Withdraw as Counsel, filed February 3, 2004 (Doc. 110). Proceeding pro se, Trujillo moved for reconsideration of the Court's oral judgment. See Pro Se Plaintiff's Rule 60(b) Motion and Brief for Reconsideration, filed March 29, 2004 (Doc. 120)("Trujillo's Rule 60(b) Motion"). Although he mentioned the sexual-misconduct allegations in his attached affidavit, see id. Exhibit 1, ¶¶ 25, 52 at 8, 14, he did not specifically challenge summary judgment as granted in regard to the familial-association claim. He argued only that summary judgment was improper because he had evidence, to which his attorney had negligently failed to refer, that Mayerstein and Defendant Albuquerque Public Schools took adverse actions against him in retaliation for protected Equal Employment Opportunity Commission and First-Amendment activity. See Trujillo's Rule 60(b) Motion.

In a subsequently filed Memorandum Opinion and Order, the Court explained its summary-

judgment decision. See Memorandum Opinion and Order, filed March 30, 2005 (Doc. 30). The Court construed Trujillo's pleadings liberally, since he "now proceeds pro se," and addressed the familial-association claim. Id. at 37. The Court concluded that Trujillo had failed to allege in his Complaint either "the impact such accusations had on Trujillo's marriage or . . . that Mayerstein made the accusations with the intent of damaging Trujillo's marriage." Id. Trujillo filed a motion to alter or amend the March 30, 2005 Memorandum Opinion and Order that incorporated his previously filed motion to reconsider, but he did not challenge the Court's decision on the familial-association claim. See Plaintiff's Rule 59(e) Motion to Alter or Amend the Judgments and Order, Entered on March 30, 2005, filed April 4, 2005 (Doc. 133).

In July 2005, Trujillo moved for a default judgment against Mayerstein, contending that he had asserted, and Mayerstein had failed to answer, a New Mexico Humans Rights Act claim. See Plaintiff's Pro Se Motion for Default Judgment Against Defendant Mark Mayerstein at 1-2, filed July 22, 2005 (Doc. 181)("Trujillo's Default Judgment Motion"). Trujillo argued that he had asserted damages that Mayerstein "intentionally caused to [his] marriage" because Mayerstein "falsely accused [him] of having had sex" with another woman. See Trujillo's Default Judgment Motion at 1-2. But, as Mayerstein pointed out in his Response, Trujillo's Complaint made no allegations against Mayerstein under the New Mexico Human Rights Act. See Defendant Mayerstein's Response to Plaintiff's Motion for Default Judgment at 2, filed July 26, 2005 (Doc. 182). The Court summarily denied the motion. See Order filed September 2, 2005 (Doc. 203).

In another order, the Court reconsidered its March 30, 2005 order. The Court withdrew judgment in favor of Mayerstein on the issue of First-Amendment retaliation, but affirmed judgment in favor of Mayerstein on the marital-association claim because "nothing in Trujillo's motions to

reconsider disturbs this decision." Memorandum Opinion and Order at 2 & 15, filed September 2, 2005 (Doc. 197). Mayerstein filed an interlocutory appeal of the Court's decision denying summary judgment on the issue of First-Amendment retaliation,[1] and the United States Court of Appeals for the Tenth Circuit remanded for further fact-finding on Trujillo's First Amendment claim in light of a recent Supreme Court decision. See Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs., No. 05-2305, 2005 WL 5095263 (January 12, 2007) (Doc. 264).

Trujillo continues to burden the Court with attempts to hold Mayerstein liable on a cause of action that he has already insufficiently raised and the Court has analyzed and rejected. Trujillo's motion cites no authority in support of his position. See D.N.M.LR-Civ. 7.5(a)("A motion . . . must cite authority in support of the legal positions advanced."). He contends, however, that the Court must grant his motion to amend because Mayerstein filed a Notice of Non-Response while the issue of qualified immunity was on appeal. See Workman v. Jordan, 958 F.2d 332, 335 (10th Cir.1992)(noting that qualified immunity protects an official not only from liability, but also "from the ordinary burdens of litigation"). The Court disagrees. The Court is not obligated to grant an unmeritorious motion merely because the opposing party has not responded to it. See Herbert v. Lando, 441 U.S. 153, 177 (1979)(stating that "all of the Federal Rules of Civil Procedure [] are

---

[1] Because of the pending appeal, Mayerstein argued that the district court did not have jurisdiction to decide this motion and did not file a substantive response to the motion. After the United States Court of Appeals for the Tenth Circuit decided the appeal, Mayerstein did not file another response. Accordingly, the Court could deem Mayerstein to have consented to the motion. See D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). Nevertheless, because the Court has spent so much time on this issue, and does not believe that the claim should be neutralized at this late stage of the proceedings, the Court will proceed to review the merits of the motion rather than just grant it.

subject to the injunction of Rule 1 that they 'be construed to secure the just, speedy, and inexpensive determination of every action'").

At this stage in the proceedings, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

> Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay. Furthermore, where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.

Frank v. U.S. West, Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993)(internal citations and quotations omitted). Here, Trujillo has always had full knowledge of the facts upon which his proposed amendment is based. Yet he did not expressly include these facts in his Complaint and did not request permission to amend his Complaint when warned in 2003 that it did not state sufficient facts to state a prima facie case for intentional interference with intimate or familial association under § 1983. Nor did he request amendment either before or after the Court orally granted summary judgment on the issue in 2004 and issued its Memorandum Opinion and Order in 2005.

The Court finds that Trujillo has unduly delayed these proceedings in seeking permission to amend, and permitting amendment at this juncture would unduly prejudice Mayerstein. The Court believes that permitting amendment would not serve justice or favor efficient judicial administration of these proceedings, and would instead re-interject resolved issues and cause additional delay. The Court therefore concludes that amendment is inappropriate under these circumstances and will deny

Trujillo's motion.

**IT IS ORDERED** that Trujillo's Opposed Motion for Leave to Amend Complaint is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Transito Trujillo
Albuquerque, New Mexico

    *Pro Se Plaintiff*

Max J. Madrid
Alex C. Walker
Modrall, Sperling, Roehl, Harris & Sisk
Albuquerque, New Mexico

    *Attorneys for Defendants Board of Education,*
    *Albuquerque Public Schools; Joseph Vigil;*
    *Susie Peck; Anthony Griego; Bruce Smith;*
    *and Ronald Williams*

Sean Olivas
Keleher & McLeod
Albuquerque, New Mexico

    *Attorney for Defendant Mark Mayerstein*