**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

TRANSITO TRUJILLO,

    Plaintiff,

vs.                                                                                          No. CIV 02-1146 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,
JOSEPH VIGIL and SUSIE PECK, Albuquerque
Public Schools Superintendents individually and
in their official capacities; ANTHONY GRIEGO,
Principal, Valley High School, individually and in
his official capacity; BRUCE SMITH, Valley High
School Assistant Principal, individually and in his
official capacity; RONALD WILLIAMS, Director
of Certified Staffing, Albuquerque Public Schools,
individually and in his official capacity; and MARK
MAYERSTEIN, Valley High School employee,
individually and in his official capacity,
Defendants.

and

TRANSITO TRUJILLO,

    Plaintiff,

vs.                                                                                         No. CIV 03-1185 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS;
MARK MAYERSTEIN, Senior ROTC
Instructor, and ANTHONY GRIEGO,
Valley High School Principal, in their
official and Individual capacities,
Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Mayerstein's Motion for Sanctions, filed March 16, 2007, in 02cv1146 (Doc. 276). The primary issue is whether the Court should impose sanctions on Plaintiff Transito Trujillo because he communicated with Defendant Mark Mayerstein outside the presence of Mayerstein's counsel. Because the Court believes that a pro se party's communication with a represented party outside the presence of the represented party's counsel does not implicate New Mexico Rule of Professional Conduct 16-402, the Court will deny the motion for sanctions.

The United States District Court for the District of New Mexico, via local rule 83.9, adopts the professional conduct rules the New Mexico Supreme Court establishes. See D.N.M.LR-Civ. 83.9. Rule 16-402 prohibits an attorney from communicating with a represented adverse party about the subject of the matter at issue outside the presence of counsel. Rule 16-402, in relevant part, provides: "In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so. . . ." N.M.R. 16-402. "Generally, pro se litigants are held to the same standards of professional responsibility as trained attorneys." Guide for Pro Se Litigants at 1, available at http://www.nmcourt.fed.us/web/DCDOCS/dcindex.html (last visited April 4, 2007). See Newsome v. Farer, 103 N.M. 415, 419, 708 P.2d 327, 331 (1985)("[A] pro se litigant, having chosen to represent himself, is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar.").

While the Court acknowledges that pro se parties generally must adhere to the professional rules of conduct, the Court does not believe that rule 16-402 binds pro se parties. See Eldaghar v. City of N.Y. Dep't of Citywide Admin. Servs., No. 02Civ.9151, 2004 WL 421789, at *2 (S.D.N.Y. March 5, 2004)(discussing DR 7-104(A)(1), which parallels N.M.R. 16-402, and stating, "Since plaintiff here is not an attorney and is proceeding pro se, DR 7-104(A)(1) does not apply to him"). But cf. Siguel v. Trs. of Tufts College, No. 88-0626-Y, 1990 WL 29199, at *2 (D. Mass. March 12, 1990)("While [the pro se plaintiff] is obviously correct that he is a party to this lawsuit, he seeks to interview [defendant's] employees not in his personal capacity, but in his capacity as an attorney. . . . This [c]ourt will therefore treat [the pro se plaintiff] as a 'lawyer' for DR 7-104(A)(1) purposes . . . ."). The Court concludes that sanctioning Trujillo would not further the purpose of rule 16-402. In In re Herkenhoff, 116 N.M. 622, 866 P.2d 350 (1993), the New Mexico Supreme Court held: "The purpose of [rule 16-402] is to protect the lay person from the possibility of an attorney utilizing his or her legal training and expertise to gain an advantage in a situation where the lay person already has acknowledged unfamiliarity with the legal complexities at hand by having retained counsel." Id. 116 N.M. at 624, 866 P.2d at 352. Because Trujillo lacks the advantage of specialized legal training and expertise against which rule 16-402 seeks to protect represented individuals, the Court finds that holding Trujillo to the rule would not further the rule's purpose, and that therefore the rule should not apply to Trujillo. Moreover, the Court recognizes that rule 16-402 does not reference parties and that contact among parties is generally encouraged as a means of facilitating settlement and avoiding protracted litigation. See ABA Model R. Prof. Conduct 4.2, comment (stating that "parties to a matter may communicate directly with each other"; rule 4.2 is nearly identical to DR 7-104(A)(1), and N.M.R. 16-402 tracks both rule 4.2 and 7-104(A)(1) closely). The Court does not believe, at

this time, that imposing limits on communication between Trujillo and Mayerstein, or Trujillo and other Defendants, would advance this case or the cause of justice. Additionally, the Court notes that Mayerstein does not cite, and the Court has not found, controlling case law determinative of the issue this motion poses.

**IT IS ORDERED** that Defendant Mayerstein's Motion for Sanctions is denied.

                                                              _____
                                                              UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Transito Trujillo
Albuquerque, New Mexico

       *Pro Se Plaintiff*

Max J. Madrid
Alex C. Walker
Modrall, Sperling, Roehl, Harris & Sisk
Albuquerque, New Mexico

       *Attorneys for Defendants Board of Education,*
       *Albuquerque Public Schools; Joseph Vigil;*
       *Susie Peck; Anthony Griego; Bruce Smith;*
       *and Ronald Williams*

Sean Olivas
Keleher & McLeod
Albuquerque, New Mexico

       *Attorney for Defendant Mark Mayerstein*