IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRANSITO TRUJILLO,

    Plaintiff,

vs.                                                                                                     No. CIV 02-1146 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,
JOSEPH VIGIL and SUSIE PECK, Albuquerque
Public Schools Superintendents individually and
in their official capacities; ANTHONY GRIEGO,
Principal, Valley High School, individually and in
his official capacity; BRUCE SMITH, Valley High
School Assistant Principal, individually and in his
official capacity; RONALD WILLIAMS, Director
of Certified Staffing, Albuquerque Public Schools,
individually and in his official capacity; and MARK
MAYERSTEIN, Valley High School employee,
individually and in his official capacity,

    Defendants.

and

TRANSITO TRUJILLO,

    Plaintiff,

vs.                                                                                                     No. CIV 03-1185 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS;
MARK MAYERSTEIN, Senior ROTC
Instructor, and ANTHONY GRIEGO,
Valley High School Principal, in their
official and Individual capacities,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on the Plaintiff Transito Trujillo's second Opposed

Pro Se Motion and Brief to Amend Complaint 02cv1146 and File First Amended Complaint 02cv1146, filed May 8, 2007 (Doc. 308)("Motion to Amend"). The primary issue is whether the Court should permit Trujillo to amend his complaint to add new claims or reinstate dismissed claims, to name a new defendant, and to make new allegations in support of his remaining claims after the time for amendments under the Court's scheduling order has passed and trial is imminent, and after the Defendants have filed dispositive motions. The Court concludes that: (i) Trujillo's complaint should not be amended merely to add new evidentiary allegations supporting existing claims against the same parties, (ii) Trujillo has not stated a claim for retaliation based on allegations that he, as a citizen and Valley High School ("VHS") parent, complained of allegedly discriminatory treatment of Hispanic students at VHS, and, if these facts did state a claim for alleged retaliation under either Title VII or 42 U.S.C. § 1983, it is now time-barred; (iii) Trujillo has not stated a claim for interference with intimate marital relations in violation of the First Amendment and the Court has previously dismissed such a claim; (iv) Trujillo cannot amend his complaint to add a new defendant without alleging sufficient facts to state a claim against that defendant; (v) amendment is not appropriate based on Trujillo's claims that there has been a change in the law governing Title VII retaliation; and (vi) even if there was a proper basis for amendment, Trujillo has not established good cause to amend his complaint at this stage of the proceedings. Accordingly, the Court will deny Trujillo's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Trujillo's suit has been pending since 2002. Trujillo asks the Court for leave to amend his complaint pursuant to rule 15(a) of the Federal Rules of Civil Procedure. See Motion to Amend at 1. He attaches a proposed complaint. See id., Exhibit 1 (First Amended Complaint). Trial is set

for June 26, 2007.  The Defendants oppose Trujillo's motion for leave to amend as untimely and prejudicial; as an attempt to avoid summary judgment by making new allegations that are time barred; as violative of the Court's scheduling order and unsupported by good cause; and as futile. See Defendant Lt. Col. Mayerstein's Response in Opposition to Motion to Amend at 4-6, filed May 22, 2007 (Doc. 320); APS Defendants' Response in Opposition to Plaintiff's Motion to Amend at 2-9, filed May 21, 2007 (Doc. 318).

The parties filed, and the Court entered, an initial pre-trial report ("IPTR") in 02cv1146 on April 18, 2003.  See Initial Pre-trial Report, filed April 18, 2003 (Doc. 30).  There, Trujillo indicated that he would be filing an amended complaint.  See id. at 2.  The IPTR provided that "[p]re-trial motions, other than discovery motions, shall be filed or served on opposing party by Oct. 9, 2003. . . . Any pre-trial motions, other than discovery motions, filed after the above date shall be considered untimely in the discretion of the Court."  Id. at 17.  The pre-trial motion deadline was later extended to April 11, 2004.  See Order Granting Motion to Extend Deadlines, filed December 24, 2003 (Doc. 99).  Trujillo did not move to amend his complaint before either of the deadlines expired.

Trujillo filed a second federal suit alleging retaliation and wrongful termination on October 12, 2003, and the suits were consolidated on March 11, 2004.  See Order Granting Defendants' Motion to Consolidate Actions, filed March 11, 2004 (Doc. 21 in 03cv1185).  Thereafter, the Court entered another scheduling order providing a pre-trial motions-filing deadline of January 8, 2006 and specifically allowing Trujillo thirty days from entry of the IPTR to join additional parties and amend the pleadings.   See Initial Pretrial Report at 2, 16, filed August 15, 2005 (Doc. 44 in o3cv1185).

Trujillo filed a request for leave to amend his complaint in 02cv1146 to add a cause of action under 28 U.S.C. § 1983 for Defendant Mark Mayerstein's allegedly intentional interference "with the freedom of intimate marital association with Plaintiff's wife" on September 12, 2005. Opposed Motion for Leave to Amend Complaint 02cv1146, filed September 12, 2005 (Doc. 208). The Court denied the motion because Trujillo had already raised a claim for interference with intimate familial relations under § 1983, the defendants had moved for summary judgment on the issue, and the Court had granted and affirmed summary judgment in favor of the Defendants. See Memorandum Opinion and Order at 2, filed April 2, 2007 (Doc. 282). The Court found that Trujillo unduly delayed the proceedings in seeking permission to amend, and that permitting amendment at that juncture would unduly prejudice Mayerstein and would not serve justice or favor efficient judicial administration. See id. at 6. Trujillo filed his second motion to amend on May 8, 2007, less than two months before trial is scheduled to begin. See Doc. 308.

## LAW ON AMENDING PLEADINGS

Rule 15(a) of the Federal Rules of Civil Procedure provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a).

> Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay. Furthermore, where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include

4

them in the original complaint, the motion to amend is subject to denial.

Frank v. U.S. West, Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993)(internal citations and quotation marks omitted). Further, rule 16(b) of the Federal Rules of Civil Procedure provides that a court shall enter a scheduling order limiting the time to amend pleadings. "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). Courts have held that, when a party files a motion to amend after the scheduling order's deadline has passed, (i) "[the] movant must first demonstrate to the court that it has a 'good cause' for seeking modification of the scheduling deadline under Rule 16(b)"; and (ii) "[i]f the movant satisfies Rule 16(b)'s 'good cause' standard, it must then pass the requirements for amendment under Rule 15(a)." Colo. Visionary Acad. v. Medtronic, Inc., 194 F.R.D. 684, 687 (D. Colo. 2000)(internal quotation marks omitted).

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co., 986 F. Supp. 959, 980 (D.S.C.)(citations omitted), aff'd on other grounds, 129 F.3d 116 (4th Cir. 1997). See Denmon v. Runyon, 151 F.R.D. 404, 407 (D. Kan. 1993)(affirming an order denying the plaintiff's motion to amend after the deadline the scheduling order established had passed and stating that, "[t]o establish 'good cause,' the party seeking to extend the deadline must establish that the scheduling order's deadline could not have been met with diligence"); Advisory Committee Notes to 1983 Amendment to Fed. R. Civ. P. 16(b)("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be

5

met despite the diligence of the party seeking the extension. Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a 'manifest injustice' or 'substantial hardship' test."). Cf. SIL-FLO, Inc. v. SFHC, Inc., 917 F.2d 1507, 1518-19 (10th Cir. 1990) (affirming, under rule 16(b), denial of a motion to amend an answer to include a compulsory counterclaim filed three months after the scheduling order deadline). In Minter v. Prime Equipment Co., 451 F.3d 1196, 1205 n.4 (10th Cir. 2006), the United States Court of Appeals for the Tenth Circuit recognized that, in SIL-FLO, Inc. v. SFHC, Inc., 917 F.2d 1507 (10th Cir.1990), it adopted an interpretation requiring the moving party to also show that it has been diligent in attempting to meet the deadlines under rule 16(b) in the context of counterclaims asserted after the scheduling order deadline. The Tenth Circuit also noted, however, that it has not adopted a similar requirement "in the context of an amendment to the complaint." Minter v. Prime Equipment Co. at 1205 n.4. The Minter Court noted that "[n]either party raises the question, and given the rough similarity between the 'good cause' standard of Rule 16(b) and our 'undue delay' analysis under Rule 15, it would not affect the outcome of this case". Id.

## ANALYSIS

Trujillo asserts that he should be allowed to amend his complaint at this late date because he allegedly obtained a "confession" from Defendant Mayerstein in December 2006 and because the Albuquerque Public Schools ("APS") Defendants did not produce a damaging report until October 2005. See Motion to Amend at 2. The alleged confession and report, however, merely provide evidentiary support for Trujillo's existing Title VII claims; they do not establish a new basis for relief or separate and independent claims. These reasons do not provide a basis for amending Trujillo's complaint. See Wakeen v. Hoffman House, Inc., 724 F.2d 1238, 1244 (7th Cir. 1983)("It is not an abuse of discretion to refuse a request to amend when the proffered amendment merely

restates the same facts using different language, or reasserts a claim previously determined.").

Trujillo next contends that his proposed amended complaint alleges facts demonstrating that Garcetti v. Ceballos, 126 S. Ct. 1951 (2006), does not bar his First-Amendment claims. Trujillo's proposed amended complaint, however, does not alter the analysis of Trujillo's previously asserted facts. The Defendants have submitted motions for summary judgment based on Garcetti v. Ceballos, and the Court has recently issued an opinion concluding that Trujillo's existing First Amendment claims are barred because he swore that the reason he spoke out against alleged student abuses and against APS allowing Mayerstein to teach a course that he was not qualified to teach was because he believed he had a duty to do so as a teacher for APS, and the Defendants established that New Mexico statutes and regulations indeed impose such a duty on its educators. See Memorandum Opinion and Order at 16-18, filed June 5, 2007.

Trujillo's proposed amended complaint attempts to assert new First-Amendment claims. Trujillo states that he, "as a citizen and VHS parent, continued to object to . . . what he perceived as [Mayerstein's] discriminatory treatment of VHS Hispanic students." Proposed Amended Complaint ¶ 31, at 8. He states that, when APS administrators "did not take corrective action, Plaintiff provided the discriminatory information to [third parties] so as his agents they could complain to appropriate authorities and demand corrective action." Id. ¶ 32, at 9. Trujillo complains that administrators took no corrective action, and many Hispanic students left the program. See id. ¶ 33, at 9. Nowhere does Trujillo allege, however, that the Defendants retaliated against him because he complained that Mayerstein was discriminating against Hispanic students. Moreover, Trujillo's Equal Employment Opportunity Commission ("EEOC") charges and his prior affidavits all posit that the Defendants retaliated against him for speaking out in support of his wife's EEOC complaint, for filing his own EEOC complaint, and for speaking out against Mayerstein's

alleged student abuses and lack of qualifications.  Trujillo cannot, at this late date, attempt to amend his complaint by alleging new facts that would  make his lawsuit fit within the legal contours set forth in Garcetti v. Ceballos.  "Although the Federal Rules of Civil Procedure favor a liberal approach to amendments, amendments may not be used as a device to prevent speedy and efficient resolutions of cases." Lockheed Martin Corp. v. Network Solutions, 175 F.R.D. 640, 645 (C.D. Cal. 1997).  See Schlacter-Jones v. Gen. Tel. of Cal., 936 F.2d 435, 443 (9th Cir. 1990)("A motion for leave to amend is not a vehicle to circumvent summary judgment."), overruled on other grounds, Cramer v. Consol. Freightways, Inc., 255 F.3d 683 (9th Cir. 2001).  Even if the Court permitted Trujillo to allege new facts, claims based on those facts would be time-barred and futile.  See Wilson v. Garcia, 471 U.S. 261, 280 (1985)(three-year statute of limitations applies to § 1983 complaints in New Mexico), superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 383-85 (2004); Martinez v. Potter, 347 F.3d 1208, 1211 (10th Cir. 2003)(noting that a Title VII plaintiff must timely file explicit EEOC claims for each discrete discriminatory act alleged).

   Trujillo next argues that changes in retaliation law set forth in Burlington Northern & Santa Fe Railway Co. v. White, 126 S. Ct. 2406 (2006), require the amendment of his complaint.  Under that case, the materiality of a claimed adverse action is to be determined objectively:  the court asks whether particular employment actions were "harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." 126 S. Ct. at 2415.  The Court recently granted reconsideration of summary judgment granted in favor of APS and Defendant Anthony Griego and Mayerstein acting in their official capacities on Trujillo's Title VII claim based upon its conclusion that sending false and negative evaluations and comments to the AFJROTC headquarters was sufficiently adverse to state a claim for retaliation.  See Memorandum Opinion and

Order, filed May 31, 2007 (Doc. 323). Burlington Northern & Santa Fe Railway Co. v. White did not significantly change the legal contours of a Title VII retaliation claim and does not require amendment of Trujillo's complaint. See McGowan v. City of Eufala, 472 F.3d 736, 742(10th Cir. 2006)(listing pre-Burlington cases that implicitly applied the standard later articulated in Burlington Northern & Santa Fe Railway Co. v. White).

Trujillo does not discuss claims against Acting Superintendent Elizabeth Everett in his motion to amend. His proposed amended complaint, however, attempts to name her as a new defendant but alleges only that, when she received a letter from Mayerstein in July 2002 that was copied to the AFJROTC headquarters, Everett did not "notify the Air Force that Mayerstein's accusations [against Trujillo] were unsubstantiated." Proposed Amended Complaint ¶ 68, at 15. None of Trujillo's EEOC complaints in the record mention Everett, and these spare facts do not state a claim against her. There is, therefore, no basis for amending the complaint to add Everett as a defendant.

Even if any of Trujillo's arguments supported amendment, Trujillo has not shown good cause for waiting until two months before trial to request leave to amend his complaint. Trujillo contends that he has not unduly delayed in requesting leave to amend his complaint, but the case has been pending for five years and he does not attempt to explain the delay. Trujillo has not provided the Court with evidence that he diligently sought to meet any of the pre-trial deadlines. Absent such a showing, Trujillo does not meet rule 16(b)'s "good cause" standard. The Court, therefore, will deny his motion for leave to amend under rule 16(b).

Trujillo's motion to amend also fails to satisfy rule 15(a)'s more liberal standard, which focuses on the factors of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

See Frank v. U.S. West, Inc., 3 F.3d at 1365-66. That the Defendants may suffer undue prejudice from Trujillo's proposed amendment because he attempts to reinstate a claim for interference with marital relations that has already been thoroughly examined and dismissed strengthens the Court's conclusion that Trujillo has unduly delayed in seeking to amend. See Lockheed Martin Corp. v. Network Solutions, 175 F.R.D. at 643 (explaining that "[c]onsiderable delay with no reasonable explanation is relevant where a proposed amendment would cause prejudice to the other party or would significantly delay resolution of the case"). As discussed above, amendment would also be futile because Trujillo's proposed amended complaint fails to state new claims for which relief may be granted.

**IT IS ORDERED** that Trujillo's Opposed Pro Se Motion and Brief to Amend Complaint 02cv1146 and File First Amended Complaint 02cv1146 is denied.

                                        _____
                                        UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Transito Trujillo
Albuquerque, New Mexico

      *Pro Se Plaintiff*

Max J. Madrid
Alex C. Walker
Modrall, Sperling, Roehl, Harris & Sisk
Albuquerque, New Mexico

      *Attorneys for Defendants Board of Education,*
      *Albuquerque Public Schools; Joseph Vigil;*
      *Susie Peck; Anthony Griego; Bruce Smith;*
      *and Ronald Williams*

Sean Olivas
Keleher & McLeod

Albuquerque, New Mexico

*Attorney for Defendant Mark Mayerstein*