## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

TRANSITO TRUJILLO,

    Plaintiff,

vs.                                                            No. CIV 02-1146 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,
JOSEPH VIGIL and SUSIE PECK, Albuquerque
Public Schools Superintendents individually and
in their official capacities; ANTHONY GRIEGO,
Principal, Valley High School, individually and in
his official capacity; BRUCE SMITH, Valley High
School Assistant Principal, individually and in his
official capacity; RONALD WILLIAMS, Director
of Certified Staffing, Albuquerque Public Schools,
individually and in his official capacity; and MARK
MAYERSTEIN, Valley High School employee,
individually and in his official capacity,

    Defendants.

and

TRANSITO TRUJILLO,

    Plaintiff,

vs.                                                            No. CIV 03-1185 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS;
MARK MAYERSTEIN, Senior ROTC
Instructor, and ANTHONY GRIEGO,
Valley High School Principal, in their
official and Individual capacities,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Pro Se Plaintiff's Opposed Motion and Brief for Order to Depose APS Superintendent Elizabeth Everitt, filed May 18, 2007 (Doc. 314 in 02cv1146)("Motion to Depose"). The primary issue is whether the Court should permit Plaintiff Transito Trujillo to depose the Superintendent of the Albuquerque Public Schools ("APS") after the discovery deadlines have passed and approximately one month before trial. Because Trujillo has not shown good cause to open discovery a second time, the Court will deny the motion.

**PROCEDURAL BACKGROUND**

On May 7, 2007, the Court granted Trujillo an extension of the discovery deadlines to depose Defendant Mark Mayerstein, see Order, filed May 7, 2007 (Doc. 306)("May 7 Order"), and that deposition was taken on May 16, 2007. Trujillo asserts that the Court should now permit him to depose Everitt, because Mayerstein testified at the deposition that Everitt "took no action against [Mayerstein]" after Mayerstein sent a letter to her in July 2002 that objected to APS' decision to rehire Trujillo for the 2002-2003 school year. Motion to Depose at 2. Trujillo contends that Everitt "knew or should have known that Mayerstein's negative referrals to the Air Force . . . had a likely effect on [Trujillo's] future employment opportunities," and that, "[b]y doing nothing to investigate Mayerstein's clearly retaliatory actions, Everitt effectively condoned and ratified Mayerstein's" actions. Id. He also states that Mayerstein testified that Everitt did not investigate Trujillo's disclosure that Mayerstein was teaching a class without the proper certification. See id. Trujillo asserts that the Court should allow him to depose Everitt so that he "can establish all [his] claims for trial and show the full extent of Defendant's [sic] unlawful actions and omissions." Id. at 3.

## **LAW REGARDING ALTERATIONS TO PRE-TRIAL SCHEDULES**

Rule 16 of the Federal Rules of Civil Procedure provides that a pre-trial "schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . . ." Fed. R. Civ. P. 16(b). "The purpose of Rule 16 is to insure early judicial intervention in the process of trial preparation and proper conduct of that entire process." In re Baker, 744 F.2d 1438, 1441 (10th Cir. 1984).

> Whether to extend or reopen discovery is committed to the sound discretion of the trial court and its decision will not be overturned on appeal absent abuse of that discretion. Appellate decisions have identified several relevant factors in reviewing decisions concerning whether discovery should be reopened, including: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

Smith v. United States, 834 F.2d 166, 169 (10th Cir. 1987)(citations omitted). In Smith v. United States, the "Taxpayer sought extensions of discovery immediately prior to scheduled trial settings and on the morning of trial. . . . [and] the trial court [] concluded [that t]he discovery requested by [the Taxpayer] could not reasonably have led to evidence relevant to the sole issue to be decided at trial." Id. at 169-70 (internal quotation marks omitted). The United States Court of Appeals for the Tenth Circuit upheld the trial court's decision not to reopen discovery. See id. at 171. Similarly, in SIL-FLO, Inc. v. SFHC, Inc., 917 F.2d 1507 (10th Cir. 1990), the Tenth Circuit affirmed the denial of a motion to reopen discovery after noting that "the discovery deadline had been extended several times, over the defendant's objections, to accommodate the plaintiffs. The record suggests that the plaintiffs did not make diligent use of the long period the court originally provided for discovery . . . ." Id. at 1514.

## ANALYSIS

The Court will analyze the facts of this case using the factors set forth in <u>Smith v. United States</u>. Trial in the consolidated cases is set for June 26, 2007, thus it is imminent, and that factor weighs in favor of denying Trujillo's request to depose Everitt. Although repeated requests to extend discovery have not delayed the trial, the Court has already extended discovery twice for Trujillo's benefit, which also weighs in favor of denying the motion. Because the Defendants object to the deposition, the second factor weighs in favor of denying the motion. As to the third factor, APS argues that it and Everitt would be prejudiced, because she is the top administrator in the District and is in the busy last weeks of the school year, that she will have difficulty in scheduling a deposition, and that the deposition will require substantial preparation, which will put the trial date in jeopardy. This factor weighs in favor of denying the motion.

Trujillo has not been reasonably diligent in conducting discovery regarding Everitt during the discovery period. In 2002-2003, Dennis Montoya represented Trujillo. "Mr. Montoya failed to conduct any discovery whatsoever in case number 02cv1146 during the initial discovery period." May 7 Order at 4. "Mr. Montoya stated that he spent two months of the initial discovery period preparing for, and recovering from, an operation. In addition, Mr. Montoya filed a notice of unavailability for six weeks, part of which was during the original discovery period, because he was conducting another trial in Santa Fe." <u>Id.</u> at 5.

The Court previously stated that, "although Mr. Montoya does not appear to have been diligent in conducting discovery, there are extenuating circumstances affecting that failure that should not be attributed to Trujillo." <u>Id.</u> That does not excuse, however, Trujillo's own failure to conduct discovery after he terminated Mr. Montoya's employment.

Discovery began in case number 02cv1146 in April 2003, and was scheduled to end on

4

September 3, 2003.  See Order Assigning Standard Track and Setting Pretrial Deadlines, filed April 7, 2003 (Doc. 26).  After the discovery deadline passed, Montoya moved for a sixty-day extension of the deadlines.  See Plaintiff's Motion to Extend Deadlines at 2, filed September 11, 2003 (Doc. 59).  On December 24, 2003, the Court granted an additional forty-seven days within which to conduct discovery.  See Order Granting Motion to Extend Deadlines, filed December 24, 2003 (Doc. 99).  The Court granted Mayerstein's motion to stay proceedings on January 6, 2004.  See Order Staying Discovery, filed January 6, 2004 (Doc. 103).  Trujillo entered his appearance pro se on January 27, 2004.  See Entry of Pro Se Appearance, filed January 27, 2004 (Doc. 109).

The discovery period in Trujillo's second case began in August 2005, and the deadline was December 9, 2005.  See Initial Pre-trial Report, filed August 15, 2005 (Doc. 44)("IPTR").  The Court granted one of Trujillo's motions for reconsideration and vacated summary judgment granted in favor of Mayerstein in case number 02cv1146 in September 2005, see Memorandum Opinion and Order filed September 2, 2004 (Doc. 197), and Mayerstein appealed from the Court's ruling, see Mayerstein's Notice of Appeal, filed September 26, 2007 (Doc. 212).  Two days before discovery ended in 03cv1185, APS moved to stay the proceedings pending Mayerstein's appeal.  See Defendant APS' Motion to Stay Pending Defendant Mayerstein's Appeal, filed December 7, 2005 (Doc. 71).  Trujillo did not schedule any depositions during the intervening discovery period, and he did not move to extend the discovery deadlines to depose Everitt until May 2007.  The Court concludes that Trujillo has not been reasonably diligent in conducting discovery regarding Everitt, which weighs in favor of denying the motion.

The Court granted the May 7, 2007 extension of time in which to depose Mayerstein because he had unexpectedly approached Trujillo in December 2006 and made some damaging statements against his interest, and the Defendants had not argued they would be prejudiced.  See May 7 Order

5

at 6. There is not a similar unforseeable circumstance, however, regarding Everitt. Although Trujillo implies that he found out about Everitt's alleged knowledge through Mayerstein's deposition testimony, the record shows that Trujillo has been aware of the letter and of the fact that APS did not terminate Mayerstein after being informed he was not Federal Aviation Administration certified to teach the honors class since the inception of the litigation. Trujillo listed Everitt as a potential witness in his portion of the IPTR filed August 15, 2005, and contended that she "received damaging memoranda from Mayerstein about Plaintiff that she knew was sent to the Air Force [and that s]he condoned and ratified Mayerstein's egregious attacks on Plaintiff." IPTR at 8. Thus, Trujillo knew, when discovery began, that Everitt had at least constructive knowledge of Mayerstein's allegations, which weighs in favor of denying the motion.

The extent of Everitt's involvement in the events leading to Trujillo's termination, according to the parties' briefs, is that Mayerstein sent a letter to her.[1]  Trujillo has already developed his

---

[1] APS further contends that Everitt is protected under the "apex"doctrine, which is based on rule 26(c) of the Federal Rules of Civil Procedure. Rule 26(c), entitled "Protective Orders," provides, in part:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) that the disclosure or discovery not be had . . . .

Neither APS nor Everitt have moved for a protective order, and Everitt did not file an affidavit swearing that she has no personal knowledge of the matters in question. See, e.g., Thomas v. Int'l Bus. Machs., 48 F.3d 478, 483 (10th Cir. 1995)(upholding grant of protective order where high-ranking corporate officer submitted affidavit stating "that he lacked personal knowledge [about the plaintiff] and was unaware of her age, her performance ranking, any work evaluations that she might

theory of the case without deposing Everitt, and based on her apparently extremely limited alleged participation in the events occurring in July-August 2002, it is unlikely that her deposition will add to the relevant evidence. That factor weighs in favor of denying the motion.

The Court concludes that the factors set forth in <u>Smith v. United States</u>, 834 F.2d at 169, weigh in favor of denying the reopening of discovery. The Court also concludes that the interest of justice would not be served, and that it would not be fair, under the circumstances of this case, to allow Trujillo to depose Everitt at this stage of the proceedings. Trujillo may pose his questions to Everitt at trial if she is called as a witness.

**IT IS ORDERED** that Trujillo's Opposed Motion and Brief for Order to Depose APS Superintendent Elizabeth Everitt is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Transito Trujillo
Albuquerque, New Mexico

    *Pro Se Plaintiff*

Max J. Madrid
Alex C. Walker
Modrall, Sperling, Roehl, Harris & Sisk
Albuquerque, New Mexico

    *Attorneys for Defendants Board of Education,*

---

have received, or that she even worked for [the company]" and citing cases upholding grant of protective order where the employer's chief executive officer lacked knowledge about any pertinent facts, or where the company's president was extremely busy and lacked direct knowledge of facts in dispute, and other employees had more direct knowledge). Because APS and Everitt have not moved for a protective order or filed a similar affidavit, the Court will not rely on the "apex" doctrine in its analysis.

*Albuquerque Public Schools; Joseph Vigil;*
*Susie Peck; Anthony Griego; Bruce Smith;*
*and Ronald Williams*

Sean Olivas
Keleher & McLeod
Albuquerque, New Mexico

*Attorney for Defendant Mark Mayerstein*