# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

TRANSITO TRUJILLO,

     Plaintiff,

vs.                                                                   No. CIV 02-1146 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,
JOSEPH VIGIL and SUSIE PECK, Albuquerque
Public Schools Superintendents individually and
in their official capacities; ANTHONY GRIEGO,
Principal, Valley High School, individually and in
his official capacity; BRUCE SMITH, Valley High
School Assistant Principal, individually and in his
official capacity; RONALD WILLIAMS, Director
of Certified Staffing, Albuquerque Public Schools,
individually and in his official capacity; and MARK
MAYERSTEIN, Valley High School employee,
individually and in his official capacity,

     Defendants.

-- and –

TRANSITO TRUJILLO,

     Plaintiff,

vs.                                                                   No. CIV 03-1185 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,
MARK MAYERSTEIN, Senior ROTC
Instructor, and ANTHONY GRIEGO,
Valley High School Principal, in their
official and Individual capacities,

     Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion in Limine to Exclude Evidence of EEOC Charges, Investigation Documents, and Findings, filed June 18, 2007 (Doc. 361)("Motion").  The primary issues are: (i) whether the Court should allow Plaintiff Transito Trujillo to reference or to present evidence about the EEOC's investigations and findings related to charges of discrimination against the Albuquerque Public Schools ("APS") and others that Trujillo or his wife, Lourdes Trujillo, filed; and (ii) whether the Court should allow Trujillo to present as exhibits documents from the EEOC file (such as Trujillo's and other witnesses' affidavits and declarations), Trujillo's and his wife's EEOC charges, and the EEOC determination letters.   While the EEOC file contains out-of-court statements, the Court cannot say pre-trial that these statements are inadmissible; admissibility depends on for what Trujillo is offering the statements.  The Court will not admit them for the truth of the matters asserted therein, but will admit them for the purpose of showing that Trujillo engaged in protected conduct and that APS was on notice that Trujillo had engaged in protected conduct.  APS may have a limiting instruction on these documents.  While some of the material is prejudicial to APS, it is being introduced for a legitimate purpose, and the Court cannot say that the materials are unfairly prejudicial.  The Court cannot say that the prejudice substantially outweighs the probative value.  The Court will also deny the motion insofar as it attempts to limit Trujillo or Lourdes Trujillo from testifying that they filed EEOC charges.

## APPLICABLE LAW

"Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Rule 402 provides that "[a]ll relevant

evidence is admissible, except as otherwise provided . . . by these rules . . . .  Evidence which is not

relevant is not admissible."  Fed. R. Evid. 402.  Rule 403 authorizes a trial court to exclude relevant

evidence "if its probative value is substantially outweighed by the danger of unfair prejudice,

confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time,

or needless presentation of cumulative evidence." Fed. R. Evid. 403.

      In evaluating whether a court should exclude evidence on grounds of unfair prejudice, courts

should consider the probable effectiveness of a limiting instruction and the availability of less

prejudicial, alternative means of proof.  See Old Chief v. United States, 519 U.S. 172, 184-85

(1997)("[W]hen Rule 403 confers discretion by providing that evidence 'may' be excluded, the

discretionary judgment may be informed not only by assessing an evidentiary item's twin

tendencies, but by placing the result of that assessment alongside similar assessments of evidentiary

alternatives."); Fed. R. Evid. 403 advisory committee's note.  The United States Court of Appeals

for the Tenth Circuit has cautioned that "the court's discretion over evidentiary matters should not

unfairly prevent a plaintiff a full opportunity to present [his] case." Mendelsohn v. Sprint/United

Mgmt. Co., 466 F.3d 1223, 1230 (10th Cir. 2006), cert. granted, 2007 WL 736557, 75 USLW 3499,

75 USLW 3657, 75 USLW 3661 (U.S. Jun 11, 2007).  "Excluding otherwise admissible evidence

under Rule 403  is an extraordinary remedy that should be used sparingly.  In performing the 403

balancing, the court should give the evidence its maximum reasonable probative force and its

minimum reasonable prejudicial value." Id. at 1231 (internal quotation marks, brackets, and citation

omitted).

      The Supreme Court of the United States has held that "administrative findings made with

respect to an employment discrimination claim may . . . be admitted as evidence at a federal-sector

trial de novo." Chandler v. Roudebush, 425 U.S. 840, 864 (1976).  This holding reflects the

Supreme Court's understanding of rule 803(8)(C), which permits, in civil actions, the admission of "factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness."  Fed. R. Evid. 803(8)(C).  The Tenth Circuit has instructed that, when passing on the admissibility of evaluative reports, trial courts should consider: (i) the timeliness of the investigation; (ii) the special skill and experience of the official that performs the review and/or investigation; (iii) the extent of the process afforded the allegedly aggrieved individual; and (iv) possible motivational problems implicated when reports are prepared in preparation for litigation rather than in the regular course of business.  See Denny v. Hutchison Sales Corp., 649 F.2d 816, 821 (10th Cir. 1981)(citing Fed. R. Evid. 803(8) advisory committee's note).  Because of the fact-intensive nature of this analysis, the decision whether to admit administrative reports is within the trial court's sound discretion.  See Hall v. W. Prod. Co., 988 F.2d 1050, 1057 (10th Cir. 1993); Franklin v. Skelly Oil Co., 141 F.2d 568, 572 (10th Cir. 1944)("The search is for truth and the trial court is the first and best judge of whether tendered evidence meets that standard of trustworthiness and reliability which will entitle it to stand as evidence of an issuable fact, absent the test of cross-examination.").

## ANALYSIS

Defendants argue that "information derived from an EEOC investigation is inadmissible under § 706(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(b)."  Motion at 4.  Defendants contend that § 2000e-5(b) precludes Trujillo from submitting documents from his EEOC file at his civil trial.  See id.  The Court disagrees.  The portion of § 2000e-5(b) upon which the Defendants rely provides:

> If the Commission determines after such investigation that there is reasonable cause
> to believe that the charge is true, the Commission shall endeavor to eliminate any
> such alleged unlawful employment practice by informal methods of conference,

conciliation, and persuasion.  Nothing said or done during and as a part of such informal endeavors may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned.

§ 2000e-5(b).  Contrary to the Defendants' assertions, the language of this section does not prohibit submission of EEOC determination letters or affidavits.  It, rather, prohibits making public those things that are "said or done during and as part of" informal conferences and conciliation efforts. Id.  See EEOC v. Associated Dry Goods Corp., 449 U.S. 590, 596 (1981)(stating that, under this section, "[i]f the Commission attempts informally to resolve a charge for which it has found reasonable cause, it cannot make "public" anything said or done in the course of the negotiations between the Commission and the parties; any Commission employee violating this prohibition faces criminal penalties."); Olitsky v. Spencer Gifts, Inc., 964 F.2d 1471, 1477 (5th Cir. 1992)(holding that letter in EEOC file was not precluded under this section because it "set forth purely factual information and related [the Defendants'] position on the merits of [the Plaintiff's] claim.  The letter contained no reference to conciliation efforts between [the Defendant] and the EEOC.  [The Defendant] neither made any offers of settlement nor responded to any such offers by the EEOC in the [] letter."); Olitsky v. Spencer Gifts, Inc., 842 F.2d 123, 126 (5th Cir. 1988)( "Section 706(b) clearly prohibits and use of the EEOC conciliation material in subsequent litigation.")(underlining added); Branch v. Phillips Petroleum Co., 638 F.2d 873, 881 (5th Cir. 1981)(drawing distinction between materials in EEOC files related to conciliation efforts and other material in the files under § 706(b) and holding that, "[t]o the extent that the district court required disclosure of proposals and counter-proposals of compromise made by the parties during the Commission's efforts to conciliate Branch's charges against Phillips, its disclosure order was in error.  To the extent that the order included purely factual material related to the merits of Branch's charge, it was not").  None of the

cases the Defendants cite support their contention that §706(b) prohibits all information and documents contained in an EEOC file.

Because a Title VII case is a trial de novo, however, an EEOC investigator's evaluation of the charges as set forth in a determination letter is essentially irrelevant.  See Timmons v. White, 314 F.3d 1229, 1234 (10th Cir. 2003)(stating, "when a civil action under [Title VII] is brought, a[n] employer is not bound by a prior adverse finding by the EEOC").  That an EEOC investigator found that there was reasonable cause to go forward with conciliation efforts does not "have any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  There are no formal procedures or adjudications associated with an EEOC determination letter.  An investigator gathers statements and other evidence, and then issues a letter stating that there is a lack of reasonable cause or finds reasonable cause and attempts to informally eliminate the discriminatory behavior.  See § 2000e-5(b).  Cf. Denny v. Hutchison Sales Corp., 649 F.2d at 821-22 (affirming trial court's exclusion of Colorado Civil Rights Commission findings because the findings were the result of an ex parte investigation that did not involve formal procedures or afford the parties opportunity for cross-examination).

The Court is also concerned that the admission of these determination letters may sidetrack the trial into an evaluation of the validity of an EEOC investigator's conclusions.  For example, the Court has previously concluded that, although the EEOC investigator made a finding of reasonable cause regarding Lourdes Trujillo's EEOC charge, because Lourdes was not qualified to fill Colonel Crook's SASI teaching position at the time the hiring decision was made, she could not make a prima facie showing of Title VII retaliation.  See Memorandum Opinion and Order at 5, filed June 9, 2006 (Doc. 98) in Trujillo v. Board of Educ., No. 02cv1509 JAP/RLP (granting summary

judgment in favor of APS).  A jury may focus on the EEOC investigator's conclusions rather than

focusing on the evidence presented at this trial.  In Williams v. Nashville Network,  132 F.3d 1123

(6th Cir. 1997), the United States Court of Appeals for the Sixth Circuit affirmed exclusion of an

EEOC determination letter, stating:

> A strong argument can be made that a jury would attach undue weight to this type
> of agency determination, viewing it as a finding of discrimination . . . rather than as
> a mere finding of probable cause.  Importantly, too, the plaintiff completely failed
> to articulate to the district court any persuasive rationale for admitting the document,
> arguing only that it was relevant to proving the existence of a prima facie claim.
> There being, then, little if any basis for the district court to conclude that the report
> had any probative value, even a minimal prejudicial effect would merit excluding the
> report.

Id. at 1129.

The only argument Trujillo makes is that his and Lourdes' EEOC charges are material to his

retaliation claims.  The Court agrees, and concludes that Trujillo may offer a copy of the charges

in evidence at trial.  The Court concludes, however, that the EEOC determination letters do not bear

adequate indicia of trustworthiness to justify their admission in light of their negligible probative

value on the ultimate issues at trial in this case.  See Whatley v. Skaggs Cos., Inc.  707 F.2d 1129,

1137 (10th Cir. 1983)(holding, "admission of [an EEOC investigator's] report with its cumulation

of hearsay and observations by the investigator, and its reference to investigation by still other

parties, appears to be in error"); Ram v. N. M. Dep't of Env't, No. CV 05-1083, 2006 WL 4079622

(D.N.M. December 11, 2006)(Browning, J.).  Excluding this evidence will not unfairly prevent

Trujillo from fully presenting his case.

The Court further concludes that the affidavits and declarations that Trujillo may seek to

admit from the EEOC file are inadmissible hearsay if offered for the truth of the matter asserted

therein.  See Tulloss v. Near N. Montessori Sch., 776 F.2d 150, 154 (7th Cir. 1985)("the EEOC

[investigatory] file is a 'mish-mash of self-serving and hearsay statements and records; . . . justice requires that the testimony of the witnesses be given in open court, under oath, and subject to cross-examination.'")(quoting <u>Gillen v. Fed. Paper Co.</u>, 479 F.2d 97, 99 (2d Cir. 1973)).  On the other hand, the Court cannot say pre-trial for what Trujillo is offering each statement.  The Court will not admit these documents for the truth of the matter asserted therein, but will admit them for the purpose of showing that Trujillo engaged in protected conduct and that APS was on notice of that conduct.  The Defendants may have a limiting instruction on these documents.  Nevertheless, in allowing some evidence in, the Court has in mind materials largely that Trujillo prepared and submitted.  If there are affidavits or letters from others, those may not have any legitimate purpose and either be irrelevant or have such a low probative value that the Court should exclude them under rule 403.  The Court would be concerned that they would in effect be offered for the truth of the matters asserted and thus be inadmissible hearsay.

There may be other hurdles for some of the materials in the EEOC's files.  For example, if the Defendants can show that the affidavits or letters are conciliation materials, § 706(b) will preclude their use.  The burden will be on the Defendants, however, to show that the materials come within Congress' narrow ban.

Trujillo may testify and may call witnesses to testify at trial to the matters surrounding his claims that the Defendants retaliated against him for supporting Lourdes' EEOC charges and for bringing his own charges.  Trujillo may also introduce the investigation reports and documents APS' Office of Equal Opportunity prepared and gathered, because they do not fall within the ambit of EEOC agency files and are material to the issues at trial.  The jury is in the best position to test the credibility of the witnesses after hearing the testimony on direct and cross-examination.  <u>See</u> <u>Franklin v. Skelly Oil Co.</u>, 141 F.2d at 572.

**IT IS ORDERED** that the Defendants' Motion in Limine (Doc. 361) is granted in part and denied in part.

UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Transito Trujillo
Albuquerque, New Mexico

*Pro Se Plaintiff*

Max J. Madrid
Alex C. Walker
Modrall, Sperling, Roehl, Harris & Sisk
Albuquerque, New Mexico

*Attorneys for Defendants Board of Education,*
*Albuquerque Public Schools; Joseph Vigil;*
*Susie Peck; Anthony Griego; Bruce Smith;*
*and Ronald Williams*

Sean Olivas
Keleher & McLeod PA
Albuquerque, New Mexico

*Attorney for Defendant Mark Mayerstein*