# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TRANSITO TRUJILLO,

       Plaintiff,

vs.                                                                                  No. CIV 02-1146 JB/ACT

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,
JOSEPH VIGIL and SUSIE PECK, Albuquerque
Public Schools Superintendents individually and
in their official capacities; ANTHONY GRIEGO,
Principal, Valley High School, individually and in
his official capacity; BRUCE SMITH, Valley High
School Assistant Principal, individually and in his
official capacity; RONALD WILLIAMS, Director
of Certified Staffing, Albuquerque Schools,
individually and in his official capacity; and MARK
MAYERSTEIN, Valley High School employee,
individually and in his official capacity,

       Defendants.

-- and --

TRANSITO TRUJILLO,

       Plaintiff,

vs.                                                                                  No. CIV 03-1185 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS;
MARK MATERSTEIN, Senior ROTC
Instructor, and ANTHONY GRIEGO,
Valley High School Principal, in their
official and Individual capacities,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion in Limine to Exclude Evidence Relating to Lourdes Trujillo's Claims Against APS, filed June 18, 2007 (Doc. 357)("Motion"). The primary issue is whether the Court should allow Plaintiff Transito Trujillo to introduce argument or evidence relating to his wife Lourdes Trujillo's EEOC charges or civil lawsuits against Defendant Albuquerque Public Schools ("APS"). Because, to prove his case, Trujillo must prove, among other things, that he filed his own EEOC charges or supported his wife's EEOC charges against APS, the Court believes that Trujillo should be allowed to describe the nature of Lourdes Trujillo's EEOC charges against APS. The Court does not believe, however, that Trujillo should be allowed to introduce argument or evidence concerning the substance of Lourdes Trujillo's EEOC charges or the nature and substance of her civil lawsuits against APS. The Court will therefore grant the Defendant's motion in part and deny it in part.

## APPLICABLE LAW

The Federal Rules of Evidence define "[r]elevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 402 provides that "[a]ll relevant evidence is admissible, except as otherwise provided . . . by these rules . . . . Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Rule 403 authorizes a trial court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

In evaluating whether a court should exclude evidence on grounds of unfair prejudice, courts should consider the probable effectiveness of a limiting instruction and the availability of less

prejudicial, alternative means of proof.  See Old Chief v. United States, 519 U.S. 172, 184-85 (1997)("[W]hen Rule 403 confers discretion by providing that evidence 'may' be excluded, the discretionary judgment may be informed not only by assessing an evidentiary item's twin tendencies, but by placing the result of that assessment alongside similar assessments of evidentiary alternatives."); Fed. R. Evid. 403 advisory committee's note.  The United States Court of Appeals for the Tenth Circuit has cautioned that "the court's discretion over evidentiary matters should not unfairly prevent a plaintiff a full opportunity to present [his] case." Mendelsohn v. Sprint/United Mgmt. Co., 466 F.3d 1223, 1230 (10th Cir. 2006), cert. granted, 2007 WL 736557, 75 USLW 3499, 75 USLW 3657, 75 USLW 3661 (U.S. Jun 11, 2007).  "Excluding otherwise admissible evidence under Rule 403  is an extraordinary remedy that should be used sparingly.  In performing the 403 balancing, the court should give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." Id., 466 F.3d at 1231 (internal quotation marks, brackets, and citation omitted).

## ANALYSIS

APS contends that, with regard to Lourdes Trujillo's EEOC charges and civil lawsuits against APS, all that is relevant to this case is that "Lourdes Trujillo did not get hired for the SASI job, that [] Mark Mayerstein did, [] that Lourdes subsequently filed an EEOC claim," Motion at 3, and "that [Trujillo] objected to what he believed, in good faith, to be discrimination against his wife," Reply in Support of Defendants' Motion in Limine and Brief to Exclude Evidence Relating to Lourdes Trujillo's Claims Against APS, filed June 21, 2007 (Doc. 377)("Reply").  APS also asserts that the "actual substance" of Lourdes Trujillo's charges and claims have "no bearing" on Trujillo's case. Id.  APS moves the Court to exclude arguments and evidence relating to Lourdes Trujillo's EEOC charges and civil lawsuits against APS.  See id. at 3; Motion at 1, 5.  The Court

does not disagree with APS' assessment of the limited relevancy of Lourdes Trujillo's EEOC charges and civil lawsuits against APS. The Court believes, however, that the exclusion which APS seeks is too broad.

The Court believes that, because an element of Trujillo's case is proving that he filed his own EEOC charges or supported his wife's EEOC charges against APS, the nature of Lourdes Trujillo's EEOC charges are relevant. See Fed. R. Evid. 402. As such, the Court believes that Trujillo must be able to describe adequately the nature of and underlying circumstances relating to Lourdes Trujillo's EEOC charges. The Court will therefore allow Trujillo to define and describe Lourdes Trujillo's EEOC charges against APS, including a summary description of the alleged circumstances underlying those charges. The Court cannot say pre-trial that the probative value of this information is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. See Fed. R. Evid. 403. The Court will not, however, permit Trujillo to introduce argument or evidence relating to the substance of Lourdes Trujillo's EEOC charges -- whether Lourdes Trujillo's charges are accurate and valid, or are able to be proven or substantiated, does not bear on Trujillo's case.

The Court does not believe that Lourdes Trujillo's civil lawsuits against APS are relevant to Trujillo's case. Lourdes Trujillo's civil lawsuits are not associated with any of the elements Trujillo must prove to succeed at trial. Moreover, the Court believes that the presentation of argument or evidence concerning Lourdes Trujillo's civil lawsuits would introduce information with a probative value substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. See Fed. R. Evid. 403. The Court therefore will not permit Trujillo to introduce argument and evidence relating to the nature or substance of Lourdes Trujillo's civil

-4-

lawsuits against APS.

**IT IS ORDERED** that the Defendant's Motion in Limine to Exclude Evidence Relating to Lourdes Trujillo's Claims Against APS is granted in part and denied in part.  Trujillo may define and describe Lourdes Trujillo's EEOC charges against APS, including a summary description of the alleged circumstances underlying those charges.  Trujillo may not introduce material concerning those charges.  Trujillo also may not introduce argument or evidence concerning Lourdes Trujillo's civil lawsuits against APS.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel*:

Transito Trujillo
Albuquerque, New Mexico

      *Pro Se Plaintiff*

Max J. Madrid
Alex C. Walker
Modrall, Sperling, Roehl, Harris & Sisk
Albuquerque, New Mexico

      *Attorneys for Defendants Board of Education,*
      *Albuquerque Public Schools; Joseph Vigil;*
      *Susie Peck; Anthony Griego; Bruce Smith;*
      *and Ronald Williams*

Sean Olivas
Keleher & McLeod PA
Albuquerque, New Mexico

      *Attorneys for Defendant Mark Mayerstein*