IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRANSITO TRUJILLO,

    Plaintiff,

vs.                                                                           No. CIV 02-1146 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,
JOSEPH VIGIL and SUSIE PECK, Albuquerque
Public Schools Superintendents individually and
in their official capacities; ANTHONY GRIEGO,
Principal, Valley High School, individually and in
his official capacity; BRUCE SMITH, Valley High
School Assistant Principal, individually and in his
official capacity; RONALD WILLIAMS, Director
of Certified Staffing, Albuquerque Public Schools,
individually and in his official capacity; and MARK
MAYERSTEIN, Valley High School employee,
individually and in his official capacity,

    Defendants.

-- and --

TRANSITO TRUJILLO,

    Plaintiff,

vs.                                                                             No. CIV 03-1185 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS;
MARK MAYERSTEIN, Senior ROTC
Instructor, and ANTHONY GRIEGO,
Valley High School Principal, in their
official and Individual capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on APS' Motion To Quash Subpoena of Linda Rizzo, filed June 25, 2007 (Doc. 393)("Motion").  The primary issue is whether the Court should quash a subpoena that has not been properly served on a non-party.  Because Albuquerque Public Schools ("APS") lacks standing to bring the motion, the Court will deny it.

## FACTUAL BACKGROUND

APS employs Linda Rizzo, but according to APS' counsel, she is on long-term medical leave and APS is "unaware of her current whereabouts."  Motion at 2.  On June 21, 2007, Plaintiff Transito Trujillo's wife, Lourdes Trujillo, served a subpoena commanding Rizzo to appear for trial on June 26, 2007, by delivering it to Dr. Charles Becknell, whom APS also employs.  See id.  According to APS' counsel, "Becknell is not and was not authorized to accept a subpoena on behalf of Rizzo, and [he] informed [Lourdes] that he lacked authority to accept a subpoena on Rizzo's behalf."  Id.

## RELEVANT LAW

"Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law."  Fed. R. Civ. P. 45(b)(1).  "Proof of service . . . shall be made by filing with the clerk of the court by which the subpoena is issued a statement of the date and manner of service and of the names of the persons served, certified by the person who made the service."  Fed. R. Civ. P. 45(b)(3).

> "The law is clear, absent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty."  Donahoo v. Ohio Dep't of Youth Servs., 211 F.R.D. 303, 306 (N.D .Ohio 2002)(citing Clayton Brokerage Co., Inc. of St. Louis v. Clement, 87 F.R.D. 569, 571 (D.C. Md. 1980)).  Instead, "[t]he party to whom the subpoena is directed is the only party with standing to oppose it."  Id. (citing United States v.

Tomison, 969 F. Supp. 587, 591-92 (E.D. Cal. 1997)).

J.B. Hunt Transport, Inc. v. Adams, No. 04-CV-70347-DT, 2007 WL 789042, *2 (E.D. Mich. March 14, 2007).  The exception to this rule is that "[a] party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests." United States v. Raineri, 670 F.2d 702, 712 (7th Cir. 1982)(citing In re Grand Jury, 619 F.2d 1022, 1027 (3rd Cir. 1980)).  When service is made on a witness a defendant corporation employs, and the corporation has no standing to challenge the subpoena, service the corporation accepts is insufficient and service must be made directly to the witness.  See Smith v. Midland Brake, Inc., 162 F.R.D. 683, 685-86 (D. Kan.1995); Application of Johnson & Johnson, 59 F.R.D. 174, 177 (D. Del. 1973)(finding insufficient service where an individual was named in a subpoena and the subpoena was served on the designated agent of the named individual's corporate employer).

## ANALYSIS

Based on its own allegations, APS has no standing to challenge the subpoena issued to Rizzo.  The subpoena is personally addressed to Rizzo.  Rizzo is not a party to this suit.  Although Rizzo is an APS employee, APS states it has no authority to accept a subpoena on her behalf and there is no evidence that she is an APS officer or employee with high-level management or supervisory authority, or that she is APS' corporate representative.   APS is not named on the subpoena, and it states no legitimate interests it may have to challenge the subpoena in its own right.  The Court, therefore, will deny the motion.  See J.B. Hunt Transport, Inc. v. Adams, 2007 WL 789042, at *2 (denying motion to quash for lack of standing instead of addressing merits of challenge).

**IT IS ORDERED** that APS' Motion To Quash Subpoena of Linda Rizzo is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Transito Trujillo
Albuquerque, New Mexico

    *Pro Se Plaintiff*

Max J. Madrid
Alex C. Walker
Modrall, Sperling, Roehl, Harris & Sisk
Albuquerque, New Mexico

    *Attorneys for Defendants Board of Education,*
    *Albuquerque Public Schools; Joseph Vigil;*
    *Susie Peck; Anthony Griego; Bruce Smith;*
    *and Ronald Williams*

Sean Olivas
Keleher & McLeod PA
Albuquerque, New Mexico

    *Attorney for Defendant Mark Mayerstein*