**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

TRANSITO TRUJILLO,

Plaintiff,

vs. No. CIV 02-1146 JB/LFG

BOARD OF EDUCATION OF THE ALBUQUERQUE PUBLIC SCHOOLS, JOSEPH VIGIL and SUSIE PECK, Albuquerque Public Schools Superintendents individually and in their official capacities; ANTHONY GRIEGO, Principal, Valley High School, individually and in his official capacity; BRUCE SMITH, Valley High School Assistant Principal, individually and in his official capacity; RONALD WILLIAMS, Director of Certified Staffing, Albuquerque Public Schools, individually and in his official capacity; and MARK MAYERSTEIN, Valley High School employee, individually and in his official capacity,

Defendants.

-- and --

TRANSITO TRUJILLO,

Plaintiff,

vs. No. CIV 03-1185 JB/LFG

BOARD OF EDUCATION OF THE ALBUQUERQUE PUBLIC SCHOOLS; MARK MAYERSTEIN, Senior ROTC Instructor, and ANTHONY GRIEGO, Valley High School Principal, in their official and Individual capacities,

Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on APS' Motion To Quash Subpoena of Elizabeth Everitt, filed June 25, 2007 (Doc. 396). The primary issue is whether the Court should quash a subpoena that has been properly served on Defendant Albuquerque Public Schools' superintendent of schools five days before trial. Because Albuquerque Public Schools ("APS") has not shown prejudice or undue burden caused by the timing of the service, the Court will deny the motion.

## FACTUAL BACKGROUND

APS employs Everitt as its superintendent. She was serving as the acting superintendent in 2002 when she received a letter from Mayerstein that questioned APS' decision to re-employ Trujillo for the 2002-2003 school year and that made several allegations against Trujillo. Trujillo identified Everitt as a witness in August, 2005. Initial Pre-trial Report at 8, filed August 15, 2005 (Doc. 44 in 03cv1185). Trujillo contends that he will use Everitt's testimony to show that, by failing to investigate Mayerstein's allegations and allowing Mayerstein to continue teaching at VHS without the proper certifications, Everitt "condoned and ratified Mayerstein's egregious attacks on Plaintiff." Id.

The Court denied Trujillo's tardy motion to depose Everitt past the discovery deadlines because Trujillo had not been diligent in conducting discovery about Everitt and trial was imminent. See Memorandum Opinion and Order at 4-6, filed June 7, 2007 (Doc. 342). The Court noted at that time that Everitt had not filed an affidavit stating she had no personal knowledge about the issues in this case or that she was not the best person at APS to answer Trujillo's questions. See id. at 6, n.1. The Court therefore stated that "Trujillo may pose his questions to Dr. Everitt at trial, if she is called as a witness." Id. at 7.

On June 19, 2007, Trujillo's wife served an unissued subpoena commanding Everitt to

appear for trial on June 26, 2007, by delivering it to Everitt at APS' counsel's office. See APS' Motion at 1. On June 21, 2007, Trujillo's wife served an issued subpoena on Everitt at her place of work. See id. at 1-2. APS contends that service of the June 21 subpoena only five days before trial creates an "undue burden" because of its untimeliness. APS did not, however, support its claim with an affidavit from Everitt contending that she is unduly burdened by having received notice that Trujillo intended to call her at trial on June 19 and the issued subpoena on June 21.

## RELEVANT LAW

"Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). "Proof of service . . . shall be made by filing with the clerk of the court by which the subpoena is issued a statement of the date and manner of service and of the names of the persons served, certified by the person who made the service." Fed. R. Civ. P. 45(b)(3). Parties are to "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Fed. R. Civ. P. 45(c)(1). Rule 45(c)(3)(A) provides the grounds upon which a court may quash or modify a subpoena. A court may quash a subpoena, inter alia, if it "fails to allow reasonable time for compliance" or "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(i) & (iv). For example, it may "be unduly burdensome to compel an adversary to attend trial as a witness if the adversary is known to have no personal knowledge of matters in dispute, especially so if the adversary would be required to incur substantial travel burdens." Notes to 1991 Amendment modifying rule 45(c)(3)(A).

## ANALYSIS

Although it contends that Everitt has no personal knowledge about the issues, APS has not

supported its motion with an affidavit from Everitt, and Trujillo has established that Everitt received a letter from Mayerstein about the issues. Trujillo also contends that Everitt knows about obligations to enforce AFJROTC agreements between APS and the Air Force. The Court cannot say, based merely upon the representations of the parties, that Everitt does not have any admissible, relevant testimony. The Court notes that counsel for APS has stated that Everitt is present at the courthouse to testify, should the Court deny its motion to quash. APS has failed to establish that any of the circumstances set forth in rule 45(c)(3)(A) are applicable. The Court, therefore, concludes that APS' motion to quash should be denied. See Smith v. Midland Brake, Inc.,162 F.R.D. 683, 685 (D. Kan. 1995)(denying motion to quash because defendants failed to establish factors set forth in the rule).

**IT IS ORDERED** that APS' Motion To Quash Subpoena of Elizabeth Everitt is denied.

UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Transito Trujillo
Albuquerque, New Mexico

*Pro Se Plaintiff*

Max J. Madrid
Alex C. Walker
Modrall, Sperling, Roehl, Harris & Sisk
Albuquerque, New Mexico

*Attorneys for Defendants Board of Education, Albuquerque Public Schools; Joseph Vigil; Susie Peck; Anthony Griego; Bruce Smith; and Ronald Williams*

Sean Olivas
Keleher & McLeod
Albuquerque, New Mexico

*Attorney for Defendant Mark Mayerstein*