## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

TRANSITO TRUJILLO,

       Plaintiff,

vs.                                                    No. CIV 02-1146 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,

       Defendant.

-- and --

TRANSITO TRUJILLO

vs.                                                    No. CIV 03-1185 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion in Limine to Exclude
Hearsay Evidence, filed June 18, 2007 (Doc. 359).   The primary issue is whether the Court should
allow admission of out-of-court statements by a former APS employee and by an Air Force
employee.   The Court will exclude admission of transcripts of tape-recorded statements but will
allow certain testimony regarding statements that qualifies for an exception to the hearsay rule.

## PROCEDURAL BACKGROUND

APS contends that Plaintiff Transito Trujillo's Complaint, his Responses to Summary
Judgment Motions, and his Motions for Reconsideration indicate that he intends to rely at trial on

transcripts of tape-recorded, out-of-court statements from non-parties that he contends support his Title VII claim of retaliation.  APS asserts: (i) that Trujillo has never produced the tapes that he had transcribed so that it can determine the accuracy of the recordings and transcriptions; and (ii) that they are inadmissible hearsay.  APS moves the Court for an order in limine precluding Trujillo from entering into evidence or referring to any manner whatsoever recorded conversations, whether transcribed or in audio format, (i) between Lourdes Trujillo and Colonel Richardson Crook and (ii) between Trujillo and  Jo Alice Talley.

## FACTUAL BACKGROUND

Crook was the Senior Air Science Instructor ("SASI") at Valley High School ("VHS") in 2002 when he decided to retire.  He supervised Trujillo and served as department head for the JROTC department for APS.  Principal Anthony Griego was Crook's direct supervisor.   Lourdes secretly recorded a telephone conversation with Crook in which she asked him, while he was still employed as the VHS SASI, the circumstances surrounding, and why, Mayerstein was hired instead of her to be Trujillo's supervisor.  Crook told her the extent of his involvement in the hiring process and his opinion about how and why Mayerstein got the job.  He also discussed the requirements of his job at VHS.

Transito Trujillo also secretly recorded a telephone conversation that he had with Jo Alice Talley, who is the Chief of Instructor Management for the Air Force Junior ROTC.   In that discussion Talley made statements about: (i) why Trujillo was not being scheduled for JROTC recertification training; (ii) that Trujillo's negative Air Force evaluation from Mayerstein had been sent to APS administration for review; (iii) her explanation regarding why the evaluation that first appeared to be voided by Griego was not, in fact, voided and (iv) what Griego told her about the evaluation.  APS contends that these conversations constitute hearsay and that there is no exception

-2-

allowing their admission.

At trial, Lourdes Trujillo testified that the statements were secretly recorded and that Trujillo had not given APS a copy of the tapes because APS had not asked for them. Counsel for APS contends that it had requested the tapes.

## LAW REGARDING HEARSAY

The Federal Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). "Hearsay is not admissible except as provided by these rules . . . ." Fed. R. Evid. 802. The United States Court of Appeals for the Tenth Circuit has quoted with approval a case from the United States Court of Appeals for the Second Circuit stating, "'[g]enerally [hearsay evidence] is not admissible . . . because traditional conditions of admissibility, including that the witness be present at the trial, testify under oath, and be subject to cross-examination, all of which together permit a jury to evaluate the reliability and trustworthiness of a statement, are not present.'" United States v. Gary, 999 F.2d 474, 479 (10th Cir. 1993)(quoting United States v. Cardascia, 951 F.2d 474, 486 (2nd Cir.1991)). But the Federal Rules of Evidence exclude from the definition of "hearsay" those statements made by a "party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Fed. R. Evid. 801(d)(2)(D). Further, if a "declarant testifies at the trial . . . and is subject to cross-examination concerning the statement and the statement is [] inconsistent with the declarant's testimony and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition," the prior statement is not hearsay. Fed. R. Evid. 801(d)(1).

For a statement to be admissible under Rule 801(d)(2)(D), the offering party must make a three-part showing. The party must establish the existence of the employment relationship independent of the declarant's statement offered as

evidence.  The statement must be made during the existence of the declarant's "agency or employment."  The statement must concern a matter within the scope of declarant's employment.

Boren v. Sable, 887 F.2d 1032, 1037 (10th Cir.1989).   The Tenth Circuit further explained the meaning of statements made during the "scope of employment" in Abuan v. Level 3 Communications, Inc., 353 F.3d 1158 (10th Cir. 2003):

> [I]n Rainbow Travel Service v. Hilton Hotels Corp., 896 F.2d 1233 (10th Cir. 1990) [, t]he plaintiff . . . was a travel service that had arranged for clients to stay at the Fontainebleau Hotel in Miami Beach.  It sued the hotel chain owning the Fontainebleau for breach of contract and fraud when the Fontainebleau was overbooked and the chain had to accommodate the clients at a less desirable hotel. The district court allowed testimony of some of the clients, who recited statements made by a shuttle bus driver employed by the hotel to shuttle customers from the Fontainebleau to the other hotel.  The driver told the customers his job was to transport guests who had been bumped from the Fontainebleau and to try to keep them happy.  Id. at 1242.  The defendant objected on the ground that the bus driver was not qualified to make statements concerning the hotel's reservation practices. The district court ruled the testimony was admissible under Rule 801(d)(2)(D) "because it was a statement by a party's agent concerning a matter within the scope of his agency."  Id.  This court upheld the admission, pointing out the statements were "all related to the scope of his employment with the hotel."  Id.
>
> Given our ruling in Rainbow Travel that a shuttle bus driver's statements concerning hotel reservation practices fall within Rule 801(d)(2)(D), so does a vice president's statements [about the reason he retired] concerning his company's unethical treatment of a direct subordinate.  The admission of these statements is not grounds for reversal.

353 F.3d at 1171-72.  In another Tenth Circuit case, the plaintiff sought admission of a co-employee's statements to other employees that he had been promised a job promotion that the plaintiff wanted.  The plaintiff argued that the co-employee's

> statements are non-hearsay admissions of a party opponent because they were "statement[s] by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Fed. R. Evid. 801(d)(2)(D).  In order for a statement to qualify as an admission of a party opponent, the speaker "must be involved in the decisionmaking process affecting the employment action involved."  Aliotta v. Nat'l R.R. Passenger Corp., 315 F.3d 756, 762 (7th Cir. 2003).  [The co-employee] was not involved in the hiring or promotion

process.  His alleged statements were therefore outside the scope of his employment and not admissible as statements of a party opponent.

Jaramillo v. Colo. Judicial Dep't, 427 F.3d 1303, 1313-14 (10th Cir. 2005).

## LAW REGARDING DISCLOSURE

Rule 26(a)(1) of the Federal Rules of Civil Procedure provides:

(1) Initial Disclosures. Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:

. . . .

(B) a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment

Rule 37(c)(1) of the Federal Rules of Civil Procedure supplies the remedy to be applied where a party fails to comply with the disclosure requirements: "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial . . . any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1).  The Tenth Circuit has held that,

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." Mid-America Tablewares, Inc. v. Mogi Trading Co., 100 F.3d 1353, 1363 (7th Cir. 1996).  A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose.  United States v. $9,041,598.68, 163 F.3d 238, 252 (5th Cir. 1998).  Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. See Newman v. GHS Osteopathic Inc., 60 F.3d 153 (3d Cir. 1995) (quoting  Bronk v. Ineichen, 54 F.3d 425, 428 (7th Cir.1995)); Cf. $9,041,598.68, 163 F.3d at 252 (enumerating a similar list of factors to determine whether inclusion of last-minute evidence is harmless); Smith v. Ford Motor Co.,

626 F.2d 784, 797 (10th Cir. 1980) (applying these four factors to determine whether the district court abused its discretion in allowing testimony not specified in the pretrial order).

Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999). "Notwithstanding Rule 37(c), the district court may be found to have abused its discretion if the exclusion of testimony results in fundamental unfairness in the trial of the case." Orjias v. Stevenson, 31 F.3d 995, 1005 (10th Cir. 1994).

## ANALYSIS

Although some of the recorded statements between Lourdes and Crook may fall within the category of statements by a party's agent that are not defined as hearsay, see Fed. R. Evid. 801(d)(2)(D), the Court is concerned that APS has not had an opportunity to challenge the reliability of the undisclosed tape, and is thereby prejudiced. See Fed. R. Civ. P. 26(a). Because he failed to disclose the tapes and APS was prejudiced by not having an opportunity to examine them, Trujillo should not be allowed to admit them or their transcript in evidence at trial. See Fed. R. Civ. P. 37(c)(1). It is not fundamentally unfair to Trujillo not to permit admission of the transcript because Trujillo may call Crook at trial. See Orjias v. Stevenson, 23 F.3d at 1005.

The Court will allow Lourdes to testify to Crook's statements of fact that are relevant to Trujillo's suit if Trujillo first establishes they were made in the scope of Crook's employment, i.e., if he shows that Crook was in fact involved in the decision to hire Mayerstein. See Fed. R. Evid. 801(d)(2)(D); Boren v. Sable, 887 F.2d at 1037; Jaramillo v. Colo. Judicial Dep't, 427 F.3d at 1313-14. Because Trujillo has not laid the foundation and the Court does not know, at this time, whether Crook will testify, the Court will withhold specific rulings, but will follow the law set forth above.

The transcript of the conversation between Trujillo and Talley suffers from the same

unfairness -- APS has not had an opportunity to listen to the undisclosed tape and ascertain whether it says what Trujillo claims that it says and has no gaps.  See Fed. R. Civ. P. 26(a), 37(c).  Trujillo could call Talley at trial, and it is not fundamentally unfair to prohibit admission of the tape or transcript.  Orjias v. Stevenson, 23 F.3d at 1005 .

Further, because Talley is not an APS employee or agent, Talley's out-of-court statements do not qualify for the agent-admission exception.  See Fed. R. Evid. 801(d)(2)(D).  Talley's statements in the secretly recorded conversation also were not made under oath, so they could not fall within the ambit of  Fed. R. Evid. 801(d)(1).  The statements are, therefore, inadmissible hearsay, see Fed. R. Evid. 802, so the Court will exclude them.  Trujillo may, however, testify to his understanding regarding why he was discouraged from attending recertification training and that Griego did, in fact, approve the negative evaluation.

**IT IS ORDERED** that APS' Motion to Exclude Hearsay Evidence (Doc. 379) is denied in part and granted in part as set forth in this memorandum opinion and order.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Transito Trujillo
Albuquerque, New Mexico

  *Pro Se Plaintiff*

Max J. Madrid
Alex C. Walker
Modrall, Sperling, Roehl, Harris & Sisk
Albuquerque, New Mexico

*Attorneys for Defendants Board of Education,*
*Albuquerque Public Schools; Joseph Vigil;*
*Susie Peck; Anthony Griego; Bruce Smith;*
*and Ronald Williams*

Sean Olivas
Keleher & McLeod PA
Albuquerque, New Mexico

*Attorney for Defendant Mark Mayerstein*