IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRANSITO TRUJILLO,

    Plaintiff,

vs.                                                                                No. CIV 02-1146 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,

    Defendants.

and

TRANSITO TRUJILLO,

    Plaintiff,

vs.                                                                                No. CIV 03-1185 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS;

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on Plaintiff Transito Trujillo's Opposed Pro Se Motion and Brief for Order to Read Mark Mayerstein's Deposition to Jury and Deem Exhibits 1-17 as Authenticated My [sic] Mayerstein and Accept as Evidence, filed June 21, 2007 (Doc. 376). The primary issues are: (i) whether the Court should allow Trujillo to read Mark Mayerstein's deposition to the jury instead of putting him on the stand and examining him as a witness at trial; and (ii) whether the Court should deem as authentic and admissible exhibits attached to Mayerstein's

deposition. Because Trujillo has not shown entitlement to the relief he requests, the Court will deny his motion.

## **FACTUAL BACKGROUND**

Albuquerque Public Schools ("APS") employed Mayerstein in 2002-2003 as a Junior Reserve Officer Training Corps ("JROTC") instructor. He was Trujillo's supervisor, but there are no allegations that he had the authority to make employment decisions for APS. Trujillo has accused Mayerstein of retaliating against him in violation of Title VII by sending the Air Force inaccurate and false employment evaluations that caused his decertification as a JROTC instructor and ultimately resulted in his termination as an APS employee. Trujillo had also accused Mayerstein, acting in his individual capacity, of violating his First Amendment rights under 42 U.S.C. § 1983, but the Court has dismissed that claim. Mayerstein, therefore, is sued only in his official capacity as APS' agent and is not an independent "party" in this suit as that term is defined in controlling case law. See Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. . . . [T]he real party in interest is the entity."); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978) (stating, "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"); Jungels v. Pierce, 825 F.2d 1127, 1129 (7th Cir. 1987) (noting that, when a plaintiff sues both a city and the city's employee whom he claims did the discriminatory act, "there is one defendant – the city – not two, for the complaint names the mayor as a defendant in his official capacity only, which is the equivalent of suing the city"); Admiral Theatre v. City of Chicago. 832 F. Supp. 1195, 1200 (N.D. Ill. 1993) ("Where the unit of local government is sued as well, the suit against the officials is redundant and should therefore be dismissed."). Thus, naming

Mayerstein as a "defendant" in his official capacity is just another way of naming APS as the real party in the suit, and he is not a separate party.

Trujillo deposed Mayerstein in May 2007, and desires to read Mayerstein's deposition into the record instead of placing him on the stand and orally examining him. As authority, Trujillo cites rule 801(d)(2)(A) of the Federal Rules of Evidence,[1] which defines the admission-by-a-party-opponent exception to the definition of hearsay. APS argues that, because Mayerstein has been dismissed as a separate party,

> Mayerstein's deposition testimony is considered 'former testimony' under the Federal Rules of Evidence and requires such testimony to be excluded as hearsay if, inter alia: (a) the witness is available; or (b) if the party against whom the testimony is now offered did not have an opportunity and similar motive to develop fully the testimony by direct, cross, or redirect examination. See Fed. R. Evid. 804(b) (2007);

---

[1] Rule 801(d) defines "[s]tatements which are not hearsay." Under rule 801(d),

A statement is not hearsay --

(1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (B) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive, or (C) one of identification of a person made after perceiving the person; or

(2) Admission by party-opponent. The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy. The contents of the statement shall be considered but are not alone sufficient to establish the declarant's authority under subdivision (C), the agency or employment relationship and scope thereof under subdivision (D), or the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered under subdivision (E).

Fed. R. Evid. 804(b)(1) (2007).

APS' Response To Plaintiff's Motion For Order to Read Mark Mayerstein's Deposition to Jury and Deem Exhibits 1-17 As Authenticated By Mayerstein at 2, filed June 25, 2007 (Doc. 388).

## **RELEVANT LAW**

Rule 32 of the Federal Rules of Civil Procedure provides, in relevant part:

> (a) Use of Depositions. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:
>
> > (1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness, or for any other purpose permitted by the Federal Rules of Evidence.
> >
> > (2) The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party may be used by an adverse party for any purpose.
> >
> > (3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:
> >
> > > (A) that the witness is dead; or
> > >
> > > (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition; or

> (C) that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or
>
> (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or
>
> (E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

Fed. R. Civ. P. 32. The United States Court of Appeals for the Tenth Circuit has held that "[d]eposition testimony is ordinarily inadmissible hearsay, although Rule 32(a) creates an exception to the hearsay rules. . . . The proponent of the deposition bears the burden of proving that it is admissible under Rule 32(a)." Garcia-Martinez v. City & County of Denver, 392 F.3d 1187, 1191 (10th Cir. 2004)(quotation marks and citations omitted). "The preference for a witness's attendance at trial is axiomatic. When the key factual issues at trial turn on the credibility and demeanor of the witness, we prefer the finder of fact to observe live testimony of the witness." Id. (quotation marks and citations omitted).

> The use of depositions in a court proceeding is governed by Rule 32 of the Federal Rules of Civil Procedure. The deposition must be admissible under the rules of evidence and may only be admitted against a party who was present or represented at the deposition. Fed. R. Civ. P. 32(a). Moreover, Rule 32 further limits the admissibility of depositions in court proceedings. A "deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness, or for any other purpose permitted by the Federal Rules of Evidence." Fed. R. Civ. P. 32(a)(1). Neither Medlock nor Murlowski testified prior to the introduction of their deposition; therefore, their depositions were not admissible as impeachment. Rule 32 also permits "the deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a

person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party" to be used in a court proceeding by an adverse party. Fed. R. Civ. P. 32(a)(2). While Plaintiffs claim that Medlock and Murlowski were agents of Defendant, there is no contention that they were "officers, directors, managing agents, or persons designated pursuant to Rule 30(b)(6) or 31(a)" to testify on behalf of Defendant. Finally, Rule 32 permits the use of depositions in court proceedings when the witness is unavailable to testify for particular reasons or when the court finds "exceptional circumstances." Fed.R.Civ.P. 32(a)(3). Here, both witnesses were available to testify, and there is no claim that exceptional circumstances existed. Accordingly, the depositions of Medlock and Murlowski were not properly admitted into evidence.

Massey v. Farmers Ins. Group, Nos. 88-2085, 88-2146, 1993 WL 34770, at *9 (10th Cir. 1993).

## ANALYSIS

There is no evidence that Mayerstein is "an officer, director, or managing agent, or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party." Fed. R. Civ. P. 32(a)(2). He therefore does not qualify as a "party" whose deposition may be used for "any purpose" under rule 32(a)(2). At the time the June, 2007 deposition was taken, Mayerstein was no longer an APS employee, so his statements also do not qualify as admissible "admissions by a party-opponent['s]" agent "made during the existence of the relationship." See Fed. R. Evid. 801(d)(2)(D). Because Mayerstein's deposition testimony is an out-of-court statement that Trujillo desires to be used for the truth of the matter asserted, it is inadmissible hearsay. See Massey v. Farmers Ins. Group, 1993 WL 34770 at *9. Trujillo has failed to present any circumstances establishing that Mayerstein's deposition should be admitted at trial under rule 32. See Garcia-Martinez v. City & County of Denver, 392 F.3d at 1191. The Court will, therefore, deny his motion.

If Mayerstein testifies at trial in a way that contradicts his deposition testimony, however, Trujillo may use Mayerstein's deposition for impeachment purposes. See Fed. R. Civ. P. 32(a)(1); Fed. R. Evid. 801(d)(1)(A)..

With regard to the exhibits in question, without knowing the specific contents of the exhibits or the context in which they will be employed, the Court will not make rulings pre-trial concerning their admissibility; rather, the Court will address objections at the time they are made at trial.

**IT IS ORDERED** that Trujillo's Opposed Pro Se Motion and Brief for Order to Read Mark Mayerstein's Deposition to Jury and Deem Exhibits 1-17 as Authenticated My [sic] Mayerstein and Accept as Evidence is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Transito Trujillo
Albuquerque, New Mexico

    *Pro Se Plaintiff*

Max J. Madrid
Alex C. Walker
Modrall, Sperling, Roehl, Harris & Sisk
Albuquerque, New Mexico

    *Attorneys for Defendants Board of Education,
Albuquerque Public Schools; Joseph Vigil;
Susie Peck; Anthony Griego; Bruce Smith;
and Ronald Williams*

Sean Olivas
Keleher & McLeod PA
Albuquerque, New Mexico

    *Attorney for Defendant Mark Mayerstein*