**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

TRANSITO TRUJILLO,

    Plaintiff,

vs.                                                                                             No. CIV 02-1146 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,

    Defendant.

and

TRANSITO TRUJILLO,

    Plaintiff,

vs.                                                                                              No. CIV 03-1185 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on: (i) Plaintiff Transito Trujillo's Pro Se Motion and Brief to Alter or Amend the Judgment of the Court's Memorandum Opinion and Order, Doc. Nos 336 and 413, filed July 9, 2007 (Doc. 425) and (ii) his Motion and Brief to Alter or Amend the Judgment of the Court's Memorandum Opinion and Order, Doc. 326, filed July 10, 2007 (Doc. 426).[1] The primary issues are whether the Court should, under rule 59 of the Federal Rules of Civil

---

[1] In the past, Trujillo has not wanted hearings on his motions, preferring to stand on his written submissions. K'Aun Sanchez, the Court's Courtroom Deputy Clerk, contacted Trujillo after the trial to see if, given his experience in the courtroom during the four-day trial, he felt comfortable about the Court scheduling a hearing on his post-trial motions. Trujillo declined a hearing, stating

Procedure, (i) reconsider its order denying reconsideration of its orders granting summary judgment in favor of the Defendants on Trujillo's First Amendment claims and denying Trujillo's request to amend his complaint to allege a theory and supporting facts that he had not previously raised in his complaint; and (ii) reconsider its prior ruling that the Defendant is entitled to a jury trial. Because Trujillo has not satisfied his heavy burden of demonstrating an intervening change in controlling law, or that new evidence is available, or that there is a need to correct clear error or prevent manifest injustice, and attempts only to re-argue matters already fully analyzed and decided, the Court will deny his motions.

## **RULE 59 MOTIONS**

Although he does not state the legal basis for his motion, when the court has entered a final judgment, a motion for reconsideration is considered a motion to alter or amend the judgment under rule 59 if, as in this case, it is filed within ten days of the entry of final judgment. See Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n. 3 (10th Cir. 2002). Rule 59 provides, in pertinent part:

> A new trial may be granted to all or any of the parties and on all or part of the issues [] in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States.

As in the case of rule 60(b) motions to alter or amend a judgment, a motion for reconsideration and a successive rule 59 motion

> are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed. Moreover, a motion to reconsider filed within ten days after entry

---

that he preferred to rely upon his written product.

> of judgment is considered a Fed. R. Civ. P. 59(e) motion. Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)(citations omitted).

## ANALYSIS

The factual and procedural background regarding Trujillo's claims are set forth in the Court's Memorandum Opinions and Orders issued on May 31, 2007, June 5, 2007, and June 29, 2007, and the Court need not repeat it here. See Docs. 323, 336, 337, & 413.

### I. MOTION TO AMEND BASED ON SUMMARY JUDGMENT.

Trujillo states two bases for altering the judgment regarding the Court's decision denying reconsideration of its order granting summary judgment in favor of the Defendants on Trujillo's First Amendment claims: (i) that the Court did not consider Trujillo's alternative arguments; and (ii) that the Defendants implicitly consented to the amendment of his complaint to add new theories of wrongdoing. Neither contention satisfies the rule 59 standard for altering or amending a judgment, and a party should not file a successive rule 59 motion after having already filed a motion for reconsideration on the same issues. Moreover, Trujillo is incorrect on both counts.

The Court has thrice considered, and rejected, Trujillo's argument that he should be allowed to allege new theories regarding violation of the First Amendment in this case. See Memorandum Opinion and Order filed June 5, 2007 at 17-18 n.3 (Doc. 336); Memorandum Opinion and Order filed June 5, 2007 at 7-8 (Doc. 337); Memorandum Opinion and Order filed June 29, 2007 at 1-2 (Doc. 413). The Defendants have always objected to Trujillo adding new theories of First-Amendment violation. See, e.g., Mayerstein's Reply, filed June 1, 2007 at 4-5 (Doc. 328). With

3

respect to the Court's decision holding that Trujillo could not tardily allege new causes of action and that summary judgment should be granted to the Defendants on the First Amendment claims that were alleged in his complaint, Trujillo fails to show that there has been an intervening change in controlling law, that new evidence is available, or that there is a need to correct clear error or prevent manifest injustice.  No amendment of the judgment is warranted.

## II.     MOTION TO AMEND BASED ON DENIAL OF BENCH-TRIAL REQUEST.

In his second motion to amend, Trujillo again mischaracterizes the record in this case and fails to establish entitlement to amendment under rule 59.  Trujillo contends that the Court should amend the judgment because the Court denied his request for a bench trial after Trujillo changed his mind about requesting a jury trial.  He contends that Defendant Albuquerque Public Schools waived its right to a jury trial by not earlier specifically demanding a jury trial, which is the same argument the Court already rejected.  See Memorandum Opinion and Order filed May 31, 2007 at 2-3 (Doc. 326).  Trujillo has again failed to show that there has been an intervening change in controlling law on the issue whether he was entitled to a bench trial, that new evidence is available, or that there is a need to correct clear error or prevent manifest injustice.  No amendment is warranted.

**IT IS HEREBY ORDERED** that Trujillo's two Motions to Alter or Amend the Judgment (Docs. 425 & 426) are denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Transito Trujillo
Albuquerque, New Mexico

   *Pro Se Plaintiff*

4

Max J. Madrid
Alex C. Walker
Modrall, Sperling, Roehl, Harris & Sisk
Albuquerque, New Mexico

*Attorneys for Defendant Board of Education,
Albuquerque Public Schools*

Sean Olivas
Keleher & McLeod
Albuquerque, New Mexico

*Attorney for Defendant Mark Mayerstein*