**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

TRANSITO TRUJILLO,

 Plaintiff,

vs.                     No. CIV 02-1146 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,

 Defendant.

and

TRANSITO TRUJILLO,

 Plaintiff,

vs.                     No. CIV 03-1185 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,

 Defendant.

**MEMORANDUM OPINION AND ORDER**

   **THIS MATTER** comes before the Court on Plaintiff Transito Trujillo's Opposed Pro Se Plaintiff's Motion and Brief For Order to Depose Linda Rizzo, filed July 10, 2007 (Doc. 432) ("Motion to Depose").  The primary issue is whether the Court should order Rizzo to appear for a post-trial deposition to be "made part of the trial evidence," which would allegedly support Trujillo's other post-trial motions and his expected appeal.  Because Trujillo has not shown that he personally served Rizzo as required under rule 45 of the Federal Rules of Civil Procedure and cannot demonstrate that the "new evidence" he wishes to obtain by post-trial deposition was previously

unavailable, the Court will deny his motion.

## FACTUAL BACKGROUND

The Albuquerque Public Schools ("APS") employed Rizzo in its Office of Equal Opportunity Services. She was involved in investigating Trujillo's EEOC claims, and Trujillo obtained through discovery the notes she prepared regarding her investigation. Trujillo did not, however, seek to depose Rizzo during the five years between the time he filed his lawsuit and the date of trial. Trujillo listed Rizzo as a witness in his pre-trial documents, see Plaintiff's Witness List at 3, filed June 8, 2007 (Doc. 344), but he did not attempt to serve a subpoena requiring her attendance at trial until June 19, 2007, see Declaration of Subpoena Service at 1, filed June 20, 2007 (Doc. 373), a week before trial was scheduled to begin. Trujillo did not personally serve Rizzo; rather, Trujillo's wife gave the subpoena to Rizzo's supervisor, an APS employee. See id.

APS moved to quash the subpoena on June 25, 2007, informing Trujillo that the subpoena had not been properly served under rule 45, that its employee had no authority to accept it on Rizzo's behalf, that Rizzo was on an extended medical leave of absence, and that APS "was unaware of her current whereabouts." Defendant's Motion to Quash Subpoena at 2, filed June 25, 2007 (Doc. 393). The Court denied APS' motion to quash for lack of standing, but informed Trujillo that witnesses had to be personally served and that service on an employer was not effective. See Order at 2-3, filed June 26, 2007 (Doc. 407). Trujillo did not subsequently attempt to serve Rizzo personally, did not call her as a witness at trial, and never requested the Court to compel her attendance or to compel APS to divulge her address or discover her location.

## RELEVANT LAW

The United States Court of Appeals for the Tenth Circuit has held that "[c]ontrol of discovery [] lies in the sound discretion of the district court," and that it has found no legal authority

"indicating that this discretion ends upon the completion of the trial and before a notice of appeal has been filed." Rodriguez v. IBP, Inc., 243 F.3d 1221, 1229-30 & n.4 (10th Cir. 2001)(affirming trial court's post-trial order requiring the plaintiff to tender a release to the defendants so that the defendants could discover the plaintiff's actual receipt of benefits). The Court concludes, therefore, that it has jurisdiction and authority to order the deposition. Under rule 59, however, a new trial may be granted on the basis of "new evidence" only if the new evidence a movant seeks to present was "previously unavailable." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

"A Rule 59(e) motion cannot be used to present evidence that could and should have been presented prior to entry of final judgment." Retired Chicago Police Ass'n v. City of Chicago, 76 F.3d 856, 867 (7th Cir. 1996). See Global Network Techn., Inc. v. Reg'l Airport Auth., 122 F.3d 661, 665-66 (8th Cir. 1997)(stating that "a Rule 59(e) motion may not be used to introduce new evidence that could have been introduced during pendency of the summary judgment motion")(internal quotations omitted). As a corollary, issues "presented for the first time" in a rule 59(e) motion generally are not timely raised in the trial court and, therefore, "not preserved for appellate review." Holland v. Big River Minerals Corp., 181 F.3d 597, 605 (4th Cir. 1999). See Thurman v. Yellow Freight Sys., Inc., 97 F.3d 833, 834 (6th Cir. 1996)(accord). Thus, a party seeking a new trial under either rule 59 or rule 60(b)(2), based on new evidence, must show: (i) the evidence was discovered since the trial; (ii) the party was diligent in discovering the evidence; (iii) the evidence was not "merely cumulative or impeaching;" (iv) the evidence was material; and (v) it probably would have produced a different result at trial. Joseph v. Terminix Int'l Co., 17 F.3d 1282, 1285 (10th Cir. 1994)(internal quotations omitted). See 11 C. Wright , A. Miller, & M. Kane, Federal Practice and Procedure § 2808, at 86-94 (2d ed. 1995)(stating that the standard for a new trial under rule 59 requires that (i) "[t]he moving party must have been excusably ignorant of the

3

facts despite using due diligence to learn about them;" (ii) the "[n]ewly discovered evidence must be admissible and probably effective to change the result of the former trial;" and (iii) must do more than "merely affect the weight and credibility of the evidence" and cannot be "cumulative of evidence already offered").

## ANALYSIS

Without citing any authority, Trujillo contends that the Court should compel Rizzo's deposition because her testimony would be "relevant to" his Title VII retaliation claims, and that it is "in the interests of justice" and necessary to have a "complete appellate record." Plaintiff's Motion to Depose at 1. He complains that it was APS' fault that Rizzo did not appear for trial, alleging -- without affidavit -- that the APS employee told Trujillo's wife that he could accept the subpoena for Rizzo, and that the employee would not give Trujillo's wife Rizzo's address. See Pro Se Plaintiff's Reply to Defendants' Response in Opposition to Pro Se Motion, Doc. No. 446 at 1-2, filed July 19, 2007 (Doc. 458). In his reply brief, Trujillo also raises the new argument that "Rizzo can testify to the fact that she notified Griego of Plaintiff's EEOC charges and prove that Griego made false statements to the jury by denying material facts of his personal knowledge of Plaintiff's EEOC charges." Id. at 2.

The Court concludes that Trujillo's failure to serve Rizzo properly, and his decision not to depose her before trial or to call her at trial, does not provide a valid basis for ordering her post-trial deposition. Trujillo was neither ignorant about what Rizzo allegedly knew, nor were there circumstances preventing him from deposing her earlier. The Court also concludes that, even if it compelled the deposition and Rizzo testified as Trujillo contends that she would, it would not satisfy Rule 59's requirement that the evidence be previously unavailable and not merely impeaching in nature, and therefore would not support the granting of a new trial or be considered

on appellate review.  See Joseph v. Terminix Int'l Co., 17 F.3d at 1285.

**IT IS HEREBY ORDERED** that Trujillo's Opposed Pro Se Plaintiff's Motion and Brief For Order to Depose Linda Rizzo is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Transito Trujillo
Albuquerque, New Mexico

 *Pro Se Plaintiff*

Max J. Madrid
Alex C. Walker
Modrall, Sperling, Roehl, Harris & Sisk
Albuquerque, New Mexico

 *Attorneys for Defendant Board of Education,*
 *Albuquerque Public Schools*

Sean Olivas
Keleher & McLeod
Albuquerque, New Mexico

 *Attorney for Defendant Mark Mayerstein*